Sneed, J.,
delivered the opinion of the court.
This case illustrtrates the wisdom of an observation of Mathew Bacon, that as an award is in the nature of a judgment it ought to be wholly decisive; for if it does not determine the matter, it becomes the cause of a new controversy: 1 Bacon Ab., 331. In this action of ejectment the parties agreed of record to submit the matter of boundary in controversy to two arbitrators, whose award should be adopted as the judgment of the court. . The submission requires said arbitrators to “go upon the premises and call before them the witnesses, and if need be, have a surveyor, and have the title papers and the papers in this cause, and after hearing the proof, they shall settle and establish the line in dispute between the parties according to the law and evidence, and shall make out in writing their award, showing the lines; they may determine between the parties, and shall report the same to the next term of this court, which said award shall be made the judgment of the court in this case.” At the subsequent term the arbitrators accordingly reported their award, defining and designating the disputed boundary as follows: “The dividing line between the plaintiff and defendant shall begin at a white oak on the bank of Milliken creek, marked as a fore-and-aft tree in the original partition of the Hill land, and now *161 marked as a corner, and run thence N. 85, W. 46 poles to a rock in the small lane near the Sevierville and Dandridge road by Evans’ ford; thence N. 62f, W. 210 poles, passing a gum on the side of the road, marked as a fore-and-aft tree, and a crooked peach tree with notches cut in a branch leaning south-west a straight line to the river bank — and we direct that a permanent rock corner be established and placed at the river bank where this line reaches the river, and at some point or points on the line between the river and public road.” They direct and award, in conclusion, “in order to prevent further difficulty,” that two surveyors (naming them) shall “go upon the premises and run the line according to the foregoing award and indicate the point at the river where the rock corner shall be established.” This award was made and signed the 3d of May, 1860, and the two surveyors made their survey on the 9th of May thereafter, and filed it on the 18th of July next ensuing. The report shows that they proceeded to run the lines in dispute according to said award by beginning at the white oak corner mentioned in the award, running N. 85, W. 46 poles, falling short of the rock corner claimed by plaintiff about twelve feet; running from thence by the marked gum on the side of the road mentioned in the award, N. 62, W., passing immediately under the mark of the peach tree limb and to the river, 210 poles; next we run from the “fore- and-aft” gum to the river at N. 62|-, W. 210 poles, falling below the first line at the river 1 pole. and 14 links, and 6 links above the fence. This line *162 passes about 6 links south-west of the marks on the peach tree limb marked as a fore-and-aft. One of the surveyors, in a memorandum appended to the report, submits his opinion that the first line, run as described, is in accordance with the award. The defendant excepted not to the award, but to the report of the surveyors, because, among other reasons, it did not follow the award. The court, in pronouncing judgment, adopts the first line mentioned in said survey as the line established by the award. It will be observed that the first line indicated is variant from that designated in the original award.
There are two objections to this judgment. An award must strictly conform to the submission, and the judgment of the court is a nullity unless it 'conforms to the award. An award, in order to be conclusive, must be final. It must dispose of the matter in dispute, and leave nothing to be done except its incorporation in the judgment of the court and final execution upon that judgment. An award may be good for part only, but then it must be final as to that part. It must be ■ final in all cases: 1 Bac. Ab., 340; Young v. Shook, 1 Rawl., 304; Grier v. Grier, 1 Dall., 173; Carnochan v. Cristee, 11 Wheat, 446; 2 Pars. Cont., 696; 1 Sugd. Vend., 408. The award in this case did not follow the submission in that by this submission the arbitrators were authorized to go upon the premises and have a survey in their presence; and here the award is agreed upon, settling the boundary and in a definitive way, so that it could not be misunderstood, and the survey author *163 ized afterward. We believe,' however, that it was not the purpose of these arbitrators to do anything more than to have the line already indicated by them marked and defined by permanent monuments of boundary. But the surveyors seem to have departed from their instructions, and the court has adopted the judgment of one of the surveyors and not that of the arbi-tratoi’s. This was certainly not the award which the submission and the statute authorized the court to adopt as its own judgment.
Let the judgment be reversed and the case remanded for another arbitration under the same, or such other submission as the parties may agree upon.