## WARD v. TODD.

A court which has once rightfully obtained jurisdiction of the parties may retain it until complete relief is afforded within the general scope of the subject-matter of the suit.

ERROR to the Circuit Court of the United States for the Eastern District of Arkansas.

The facts are stated in the opinion of the court.

*Mr. U. M. Rose* for the plaintiff in error.

*Mr. Charles P. Redmond,* contra.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit against Ward, the plaintiff in error, on a judgment in the Fayette Circuit Court of the State of Kentucky, and the only question is whether, in the record of the judgment sued on, it appears that the State court had jurisdiction to render a personal judgment against Ward. The facts are these : —

On the 17th of June, 1872, Ward executed to the firm of Todd & Rafferty his note for $10,733.28, payable two years after date, with interest at the rate of seven per cent per annum until paid, and secured it by a mortgage on certain property. Afterwards, on the 31st of July, in the same year, he gave his note to the same firm for $3,528, payable, with interest at the same rate, in one year from date, and secured it by mortgage on the same property. On the 8th of August, 1873, Todd, as surviving partner of the firm of Todd & Rafferty, filed a petition in the Fayette Circuit Court, in which he set forth the due execution of these two notes and mortgages and their respective liens on the mortgaged property. He also stated that the note of July 31 was due and unpaid, and that the one of June 17 was a subsisting debt but not due. He also set forth a purchase of the mortgaged property by him at tax sale for $55.09, and that the city of Lexington had a lien on the property for unpaid purchase-money. The notes and mortgages were filed as exhibits to the petition, and the prayer was for a judgment on the small note, which was due; for a sale of the mortgaged

property to pay that note, and that the residue of the proceeds might be retained to satisfy the other note and the claim for taxes. Ward was served personally with process in the case Sept. 8, 1873. On the 17th of September Todd amended his petition by setting forth that he had paid the city of Lexington $680 in full for the amount due as purchase-money of the property, and asking that this sum might be paid out of the proceeds of any sale that should be made. After this, process was again issued and served personally on Ward, September 18. On the 19th of November a decree was entered in the cause by default, finding the amount due on the note of July 31 and the claim for taxes, and establishing the lien for the debt originally due the city. The lien under the mortgage to secure the note under date of June 17 was also recognized and established, and inasmuch as the property could not be sold in parts except to a limited extent, it was ordered that the whole be sold. On the 29th of November Ward appeared, and on his motion this judgment or decree was set aside and he had leave to answer, which he did, setting up, in effect, that the debt of June 17 was not due; that Todd had no lien on the mortgaged property for the amount he had paid the city of Lexington; that he was not entitled to foreclose any lien for taxes, as that was not due, and that the property was capable of division for the purposes of a sale. He therefore asked that only so much of the property be sold as was required to satisfy the debt then due. Thereupon, on the 9th of December, it was adjudged: 1, That Todd recover of Ward the amount of the note of July 31, with interest until paid; and, 2, that so much of the mortgaged property as was necessary to pay that debt be sold. " Upon the other questions raised in the petition and answer " the court took further time. On the 4th of February, 1874, the master reported a sale of part of the mortgaged property sufficient to pay the note of July 31. This sale was confirmed on the 5th of February, 1874, but no decree was entered in respect to the claim for taxes or the amount paid the city to discharge its claim for purchase-money, and on the 15th of August following Todd produced and asked leave to file an amended petition in the cause. To this Ward appeared by his counsel and objected, but the objection was overruled and the leave granted.

In this petition Todd set forth that the note of July 31 had become due, and he asked a judgment for this debt and a further foreclosure of the mortgage. After this, service on Ward by publication was made, he being at the time absent from Kentucky and a resident of Arkansas. No personal service of process was made on him within the State after this amendment. On the 27th of November a decree was entered that Todd recover of Ward the amount of the note of June 17, 1872, with interest; that what remained of the mortgaged property be sold; that so much of the petition as related to the claim of the city of Lexington for the original price of the lot, and to the claim for taxes, be dismissed, and that execution might issue for so much of the debt and costs adjudged to Todd as remained unpaid by the sale of the mortgaged property. Under this decree the property was sold for $7,000. That sale was confirmed, and this suit was brought on the judgment to recover the balance remaining due after the proceeds had been applied as directed by the decree.

This statement of the facts shows clearly that the court had jurisdiction of Ward personally. He was not only served with process in Kentucky, but he appeared personally in the action and filed an answer to the petition. In this answer he put in issue his liability in that suit for the money paid the city of Lexington and the money paid for the taxes. In the first decree these issues were left undecided and the cause retained on that account. Afterwards Todd asked leave to amend his petition, and Ward appeared unconditionally to resist that application. The leave was granted, and a judgment afterwards rendered in accordance with the prayer of the amendment. At the same time the issues left undetermined under the original petition were decided in favor of Ward. The amendment was germane to the matters set forth in the original petition, and the court, having once obtained rightful jurisdiction of the parties, could retain it until complete relief was afforded within the general scope of the subject-matter of the action. *Ober v. Gallagher*, 93 U. S. 199. Ward evidently recognized this fact when he appeared by his counsel and resisted the application to amend so as to charge him personally with the amoun of the note which had fallen due while the suit had been pen-

ing. The claim is not that the attorney had no authority to appear in the suit, but that his appearance was for a special purpose only. This is clearly contradicted by the record. A part of the issues originally made in the suit were then pending, and it was the duty of counsel to be in attendance on the court to protect his client's interest until the whole subject-matter of the litigation was finally disposed of.

The service by publication after the amendment was, under the circumstances, unnecessary, and did not deprive the court of the jurisdiction which it had acquired before.

*Judgment affirmed.*