PALMER v. VANWYCK.

(*Nashville.*   March 11, 1893.) .

1. ARBITRAMENT AND AWARD.   *Award void, when.*

   An award is void, if the arbitrators fail to act as a body, or depart, in material respects, from the terms of the submission.   The award in this case is void for both reasons.

   Cases cited and approved: Mays *v.* Myatt, 3 Bax., 309; Toomey *v.* Nichols, 6 Heis., 162.

2. SAME.  ` Same.   *Ratification and estoppel.*

   Neither ratification of the award can be inferred, nor estoppel to deny its validity invoked, against complainant, upon the facts of this record.

FROM  DAVIDSON.

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

W. T. TURLEY and  W. D. COVINGTON for Palmer.

JAS. S. PILCHER and JNO. M. GAUT  for VanWyck.

A. D. BRIGHT, Sp. J.   The defendants in this case, the Wilkins heirs, sold to complainant, L. D. Palmer, a piece of ground in Nashville by deed containing the usual covenants of warranty.   The land was described in the deed by metes and bounds, the call of the east line being the middle

of Spruce Street, and of the north line the middle of an alley. For the purposes of a judicial sale, this and other land adjacent had been previously divided into lots and the plan registered, and in this division the alley had been widened into a street called Lee Avenue. At the time of the sale from defendants to complainant it was not believed that, as to this land, any thing had been done by the city of Nashville to consummate the apparent dedication of the streets and alleys. Such proved to be the fact as to all the numerous streets and alleys except Lee Avenue, located on the north margin. As to this avenue, the city claimed that the dedication was complete, and, some months after the sale, began to improve it as a street. Complainant filed a bill and enjoined the city. The bill was dismissed by the Chancellor, and his decree affirmed by this Court. Complainant then claimed that all of the covenants of warranty in the deed had been breached. In the meantime, one or more of the purchase notes given for the land had matured and were unpaid. Palmer claimed that he was entitled to a credit on the first one to the amount of his damages for the breach of warranty. It was then agreed between the parties that the matters in controversy should be settled by arbitration. It was agreed that all matters of law should be submitted to Hon. W. K. McAlister, his decision to be conclusive; and that if he should decide that the warranty had been breached, and that said vendors were liable

therefor, then the question of amount of damages should be settled by three disinterested citizens; that the arbitrators should view the premises, and in accordance with the principles of law settled by Judge McAlister, determine whether Palmer was damaged, and, if so, how much, and that their decision should be final and conclusive; that if against Palmer, it should forever estop him, and if in his favor, the amount of the award should be credited on his note or notes.

Judge McAlister decided that Palmer, by his deed, obtained the fee to the land in controversy subject to the easement, and, therefore, that there had been no breach of any of the covenants except the one against incumbrances. Judge Whitworth and Lewis T. Baxter were selected as arbitrators, they to select a third arbitrator in case of disagreement, who was to act with them in reaching a conclusion. They failed to agree, and selected H. E. Jones as the third man. On October 7, 1889, an award was rendered to the effect that there was no damage, but as it had been decided by Judge Mc-Alister that there was a breach of the warranty, defendants should pay the cost of the arbitration, which they fixed at $75. Defendants paid the $75. Complainant promised generally to pay his notes, and subsequently made two separate promises that if certain liens were released he would pay the first and second notes at once, and the third as soon as he could arrange to do so. In both instances the liens were released. He then filed this bill,

and alleges that the decision of Baxter, Whitworth, and Jones is null and void, and asks that the Court render a decree in his favor for $4,500 damages for breach of warranty. For the claim that the award is a nullity, four distinct grounds are laid, viz.:

1. That said arbitrators ignored Judge McAlister's decision, in that they decided that Palmer sustained no damages, whereas Judge McAlister decided that he was entitled to some substantial damages.

2. That they ignored his decision, in that they considered incidental benefits to the remaining property of complainant, resulting from the street in question.

3. That the third arbitrator, Jones, failed to confer with the other two before rendering a decision.

4. That Jones did not view the premises, but examined several real estate agents in the absence of the other two arbitrators, and in the absence and without the knowledge or consent of the complainant, and based his opinion and decision on the information thus derived.

Defendants, in their answer, relied on the award; denied that Judge McAlister's decision had been violated; denied that the rule of damages laid down by him had been violated; that it was not true, in fact, that the award was made without a conference between Jones and the other arbitrators; that they did meet and confer, and made the award, all signing same. Defendants further relied on Palmer's acquiescence in award; that Palmer

was, by his various acts, doings, and promises, now estopped from maintaining the bill. Defendants also deny that complainant had sustained any damages. Answer alleges that Palmer had ratified the award.

The Chancellor decreed that the award was void, and same be set aside and for naught held, and referred the case to the Master to take proof and report the value of the land with and without the easement, and the difference, if any, he should report as the damages.

The Clerk and Master reported complainant's damage to be $3,500. Upon exceptions by defendant, the Chancellor reduced the amount to $2,500, and allowed damages for $2,500 to be credited upon defendant's decree on the note. He decreed in defendant's favor on cross-bill for the note and interest—$11,237, less the damages—leaving balance $7,932, and defendants appealed, and assigned errors.

There is one further fact that should be stated. A deed was prepared and tendered Palmer to the land, which was refused by him, because reference was made in it to a subdivision of the property, which had been registered in 1884, which subdivision had an avenue or street forty feet wide on its northern boundary, Palmer saying that he had contracted to buy upon the assurance that an alley, and not a street, bounded the property on the north, and that he had conceived a subdivision on that assurance, and would not conclude his purchase unless it was true.

26—8 P

Gaut, the agent of defendants, told him the city had no claim or right to a street across the property, but that he would write another deed, making no reference to the registered plan of 1884, which he did, and same was accepted by Palmer.

The first question presented on the record is, Shall or not the award of the arbitrators be set aside?

The article or agreement of arbitration between the parties stated, among other things, that "whereas, L. D. Palmer insists that the said strip of ground was included in said conveyance and warranty, and that the existence of said easement constitutes a breach of his warranty, and that he is damaged thereby." And, as we have seen, "all matters of law in controversy between the parties shall be submitted to the arbitrament and award of the Hon. W. K. McAlister, of Nashville, Tenn., and that his decision thereon shall be final and conclusive upon the parties hereto." It was further agreed "that should Judge McAlister decide that said warranties, or warranty, had been breached, and that said vendors are liable therefor, then the question of the amount of damages sustained by said Palmer shall be submitted to the arbitrament and award of three disinterested citizens, to be chosen by said Palmer and by John M. Gaut (representing said devisees), in such manner as they shall see fit. Said arbitrators shall view the premises, and, in accordance with the principles of law settled by Judge McAlister, shall determine whether

or not said Palmer has been damaged, and, if so, to what amount; their decision to be final and conclusive between the parties."

Judge McAlister decided that the warranty against incumbrances had been breached. He laid down the "rule of damages to be the difference between the value of the lot without the easement of this street, and its value with the easement as an incumbrance thereon, considering of course its continuance and permanency. In determining the market value of the land at the date of sale, any special use which the purchaser may intend to make of it is not to measure his damages, either to increase or diminish his damages, but all the uses and capabilities of the property may be considered. Upon this basis the referees will assess the damages."

By agreement in writing, Judge James Whitworth and Lewis T. Baxter were selected by the parties to assess the damages sustained by Palmer for the breach of 'the covenant against incumbrances so decided by Judge McAlister, and under the rules for the measure of damages laid down by him. In case they should fail to agree, Whitworth and Baxter were authorized to select a third arbitrator to act with them in reaching a conclusion. It was expressly stipulated in this agreement selecting Whitworth and Baxter, that they should view the premises, and settle the question of damages as Judge McAlister had declared. Whitworth and Baxter failed to agree, and, under

the agreement of arbitration, selected one H. E. Jones as the third arbitrator. Jones did not view the premises alone or with Whitworth and Baxter, but says he was well acquainted with the premises. Whitworth and Baxter submitted all the papers to Jones, who rendered a written opinion in the matter, in which he says that "the arbitrators, Whitworth and Baxter, have disagreed on the question as to whether the value of the land sold by the Wilkins heirs to L. D. Palmer, calling for a frontage along the middle of Spruce Street 273 feet to a point opposite the middle of an alley, and thence along the middle of said alley to the Chattanooga and St. Louis Railroad, a distance of about 900 or 1,000 feet, is diminished by the presence of a street, known as Lee Avenue, as shown on the plan presented, occupying, with the alley referred to, a space of 40 feet along the northern side of the ground." Jones says this was the only question referred to him as referee, and decides that the property was worth more with Lee Avenue opened than without it.

The arbitrators, Whitworth, Baxter, and Jones, made the following award in writing:

"The Court having decided that there was a breach of the covenant against incumbrances, and the referee concurring with one of the arbitrators that there is no damage to the property by reason of the existence of a street on the northern side of the property, we are all of the opinion, by reason of the decision of Judge McAlister, that

there was a breach of the covenant, and therefore, all the costs of this suit and of the arbitrators shall be paid by the Wilkins heirs. The arbitrators state that they consider a fee of $25 each a reasonable fee, and that the same amount, viz., $25, should be paid to the referee.

"Signed, JAMES WHITWORTH,

LEWIS T. BAXTER,

H. E. JONES, *Referee.*"

Jones, as we have seen, did not view the property with the other arbitrators or alone. The agreement of arbitration, as we have seen, expressly stipulated that the arbitrators should view the premises. This included the third arbitrator as well as the two first selected, for the obvious reason that he should act as much in conformity with the agreement of arbitration as the two first selected. All the arbitrators must act together during the proceedings. Morse on Arbitration, page 152.

The same rule obtains where a third arbitrator is called in. Morse on Arbitration, 158.

An award, to be valid, must strictly conform to the terms of the submission. 3 Baxter, 309; 6 Heis., 162.

Now, Jones says the only question submitted to him was whether or not the value of the lot was diminished or not by the presence of a street known as Lee Avenue. He deciding it was not, and one of the other arbitrators agreeing with him, the award was made. The article of submission provided that should Judge McAlister de-

cide that the covenants of warranty or warranties were breached, then they should select arbitrators, who should view the premises, and, in accordance with the law as settled by Judge McAlister, determine whether or not said Palmer had been damaged, and, if so, how much. Judge McAlister did decide that there was a breach of the covenant against incumbrances, and fixed the rule for the assessment of damages of Palmer. The arbitrators say in their award that Judge McAlister decides that there was a breach of the covenant against incumbrances, but give Palmer no damages; not even nominal damages. The arbitrators did not pursue the submission to them. They ignored the finding and decision of Judge McAlister in this: the arbitrators found that Palmer sustained no damages; whereas, Judge McAlister decided that, upon the breach of covenant against incumbrances, he was entitled to damages. They also failed to pursue the submission in this, that they ignored Judge McAlister's decision, and considered incidental benefits to the remaining property of complainant resulting from the street in question, instead of considering all the "uses and capabilities of the property," as laid down by Judge McAlister. They also failed to follow the submission, in Jones, one of the arbitrators, not viewing the premises.

The award was properly set aside by the Chancellor. The defendants insist that complainant had acquiesced in the award, and thereby ratified same,

and also invoking the doctrine of equitable estoppel. The proof nor the acts and doings of complainant sustain this defense.

The proof in the cause shows the damages sustained by complainant, and the report of the Clerk and Master, so far as sustained by the Chancellor, has the weight of the finding of a jury. 1 Pickle, 218–215.

The proof fully sustains the report of the Clerk and Master as confirmed by the Chancellor.

The decree of the Chancellor is correct, and is affirmed with costs.