PECK et al. v. AYERS & LORD TIE CO. et al.

(Circuit Court of Appeals, Sixth Circuit. May 6, 1902.)

No. 1,026.

1. EQUITY JURISDICTION—QUIETING TITLE—ENJOINING TRESPASS.

A bill to remove a cloud upon the title and enjoin trespasses thereon, which alleges title and possession in complainant, an adverse claim by defendant, that the land is chiefly valuable for its timber, and that defendant has repeatedly entered thereon and cut and removed timber, states a cause of action of equitable jurisdiction in either of its aspects.

2. SAME—ADEQUATE REMEDY AT LAW.

A federal court of equity is not deprived of jurisdiction because complainant may be given by the statutes of a state a legal remedy in its courts which he did not have at the common law.

3. SAME—SUIT TO REMOVE CLOUD—POSSESSION.

Under the rule of the federal courts, it is essential to the right to maintain a bill to remove a cloud upon title that complainant should be in possession; and such rule is not modified locally by the fact that a contrary rule, established by decision, prevails in the courts of the state, where defendant is not in possession.

4. SAME—SUIT TO RESTRAIN WASTE—RETENTION OF JURISDICTION ACQUIRED.

Possession by complainant is not essential to the maintenance of a suit in equity to restrain waste by the cutting and removal of timber, and incidentally for an accounting for waste already committed; and, having obtained jurisdiction for that purpose, a court of equity may, for the purpose of preventing a multiplicity of suits, retain it to grant further relief by settling the question of title, where the right to the injunction involves that question.

5. SAME—GRANTING FINAL RELIEF.

Complainants filed a bill to quiet title to certain lands, and to enjoin the commission of waste thereon by defendants; and defendants answered, claiming title. The evidence showed that neither party was in possession. *Held*, that the question of title, being the principal issue in the case, should have been determined by the court, and that a decree which enjoined waste by defendants, but left the title unadjudicated, was objectionable, in that it failed to accomplish a final result, and left complainants without means of reaching one.

Appeal from the Circuit Court of the United States for the Western District of Tennessee.

R. W. Butterfield and J. H. England, for appellants.

Q. W. Hawkins and John A. Pitts, for appellees.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge. The bill in this case was filed by the above-named appellants for two purposes, namely, to quiet their title to the land described, and for an injunction to restrain the defendants from cutting and removing the timber on the land; the timber, as is alleged, constituting the substance of the value of the land. Either of these purposes constitutes a sufficient ground for equity jurisdiction if the existing facts make out the requisite conditions. The bill alleged title in the complainants, the claims of the defendants which create the cloud complained of, and repeated trespasses

¶ 2. See Equity, vol. 19, Cent. Dig. § 146.

116 F.—18

of the defendants in cutting and removing the timber, and prayed for the removal of the cloud, for an injunction, and for an accounting for timber already taken from the land. Upon the filing of the bill a preliminary injunction was awarded, restraining the defendants from cutting and removing the timber or entering upon the lands. The defendants interposed a demurrer to the bill, the principal grounds thereof being that the complainant had a complete remedy at law. Other grounds were assigned, but, as they consisted of affirmative defenses necessary to be established by the defendants, they need not be noticed, further than to say that they were not well taken. With respect to the defense that there was a complete remedy at law, it is clear that, upon the facts alleged in the bill and confessed by the demurrer, the remedy at law was not adequate upon either aspect, whether the relief sought was to quiet title or prevent the destruction of the value of the property by repeated trespasses. It was stated in the bill that the complainants were in possession, and that the defendants were not. The demurrer was properly overruled. The defendants answered, setting up title in themselves in some of the land, and in strangers in respect to other portions. A replication was filed, and proofs were taken. At the hearing it was held and decreed that the defendants be "enjoined and restrained from cutting and removing or selling the timber now standing, growing, lying, or being on the premises set forth in the bill of complaint in this cause as belonging to the complainants therein named, and from attempting to do so, and in any manner interfering with said premises or the timber thereon, or entering upon said premises, until their right to do so shall be established in an action of ejectment, or some other proper action in law or equity"; the premises intended being enumerated in the decree. And it was further decreed that the prayer of the bill that a certain grant and certain deeds upon which the defendants relied in respect to some of the lands should be removed because they clouded the title be denied. But it was provided that "this decree is made without prejudice to the rights of the defendants, or any of them, to bring and prosecute any action or actions at law or in equity for the recovery of said premises." From this decree both parties have appealed.

We are satisfied by the proofs that neither of the parties was in possession of the land in controversy at the time of the commencement of the suit, and upon this ground it is contended by the defendants that the bill will not lie, because it now appears that, contrary to what had been assumed by the demurrer, the complainants were not in possession when the bill was filed, and might have had their remedy at law by ejectment, notwithstanding the defendants were not in possession, under the Tennessee statute, which provides (Shannon's Code, § 4972) that if the premises are not occupied the action may be brought "against any person claiming an interest therein, or exercising acts of ownership, at the commencement of the suit." By the sixteenth section of the judiciary act of 1789 (1 Stat. 82) it was enacted that suits in equity "shall not be sustained in either of the courts of the United States in any case when plain, adequate and complete remedy may be had at law"; thus emphasizing and making

obligatory the rule which had always obtained in equity practice. But this reference to the remedy at law intends the remedy at common law, and as it existed at the date of the judiciary act, and does not refer to remedies which might be thereafter given by the statutes of the states in their own courts. McConihay v. Wright, 121 U. S. 201, 7 Sup. Ct. 940, 30 L. Ed. 932. And it is well known that ejectment could not be brought at the common law when the defendant was not in possession.

But it is further said that it is a general rule of equity that, in order to maintain a bill to remove a cloud upon his title, the complainant must be in possession. This rule has been so often laid down by the supreme court without limitation that we do not feel at liberty to disregard it, although it is obvious that the principal reason given for it, namely, that the plaintiff has an adequate remedy at law, does not exist in a case like this, where the defendant is not in possession. See, among other cases, Orton v. Smith, 18 How. 263, 15 L. Ed. 393; Frost v. Spitley, 121 U. S. 527, 7 Sup. Ct. 1129, 30 L. Ed. 1010. And unless the rule referred to is modified by the local law of Tennessee the bill must fail, so far as it depends upon that ground of jurisdiction. But it is contended by the complainants that by the local law it is not necessary, to support such a bill, that the complainant should have taken possession, provided, also, the defendant has not; and they invoke the doctrine of Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52, to show that it is competent for the equity courts of the United States to take cognizance of cases equitable in their nature, the grounds of which are supplied by some positive law of the locality enlarging the general right of equity theretofore existing. It is not claimed that there is any statute in Tennessee which enlarges the principles of equity in this regard, but it is claimed that the decisions of the supreme court of the state respecting the right to file a bill to quiet title have established a different rule from that generally prevailing in the courts of the United States, and hold that possession by the plaintiff is not necessary. But this is a mere variation of decision in respect of a principle of general equity, and we are not aware of any precedent for holding that a rule so established can be admitted to change the doctrines of equity as recognized and applied in the federal courts. We are therefore of the opinion that the jurisdiction of the circuit court could not have been sustained in this case upon the bill, regarded solely as one for quieting title. But we think the bill could be properly entertained as one for restraining the waste and destruction of property, and incidentally for an accounting for waste already committed. For such a purpose it is not necessary that the plaintiff should be in possession. Indeed, the jurisdiction was originally exercised in cases where the defendant was in possession as tenant for years, as trustee, or as owner of a life or other limited estate. Story, Eq. Jur. §§ 915–918. And having obtained jurisdiction for that purpose, we think the court might, for the purpose of preventing a multiplicity of suits, retain it for further relief by settling the question of title,—a question deeply involved in the determination of the controversy over the right to an injunction to stay waste, and requiring similar proofs. Ober v. Gal-

lagher, 93 U. S. 199, 23 L. Ed. 829; Ward v. Todd, 103 U. S. 327, 26 L. Ed. 339.

The decree of the circuit court is objectionable, in that it does not accomplish a final result, and leaves the complainants without the means of reaching a decree which will finally establish the rights of the parties. The question of title being the principal issue in the case, we think the court should determine it, or, in its discretion, formulate the issue, and direct it to be tried on the law side of the court by a jury, and upon the verdict being reported into court, or having determined the issue for itself, proceed with the case, according to the course of equity, to a final decree.

The decree will be reversed, and the cause remanded, with directions to proceed as herein indicated; the preliminary injunction to stand upon the giving bond by complainants to respond for any damages that may arise therefrom. The costs of this court will be borne equally by the parties. Those in the court below will abide the result of the suit.