## CONTINENTAL INS. CO. v. GARRETT.

(Circuit Court of Appeals, Sixth Circuit. November 3, 1903.)

### No. 1,198.

**1. INSURANCE—AWARD—CONFORMITY TO SUBMISSION—FAILURE TO FIND SOUND VALUE.**

Where both an insurance policy and a submission to appraisal thereunder require the finding of both sound value and damage, a failure of the appraisers to find the sound value is a fatal variance, which cannot be helped by assuming that the blank left in the award where the sound value should have been inserted was intended as a finding that there was no sound value, nor by a contention that the finding of sound value was immaterial.

**2. SAME—NOTICE OF HEARING—FAILURE TO GIVE—EFFECT.**

Where appraisers appointed to estimate a loss under an insurance policy on a brick building, the woodwork of which had been completely destroyed, and the walls partially broken down, failed to give notice to the parties of the time and place of the appraisal, so as to permit the production of evidence, the award was void.

**3. SAME—WAIVER.**

The fact that an insured, after a submission to appraisal of a loss under his policy, saw the appraisers on the street, but failed to ask to be heard, or to object to their proceeding without notice, he did not thereby waive notice of the time and place of the appraisement.

**4. SAME—SUIT SETTING ASIDE AWARD—DAMAGES—JURISDICTION OF EQUITY.**

Equity, having obtained jurisdiction for the purpose of setting aside an award of insurance arbitrators, may properly retain the case to determine the amount of damages, and render decree therefor.

Appeal from the Circuit Court of the United States for the Middle District of Tennessee.

This is a bill to set aside an award made by appraisers appointed under the usual clause to that effect in a policy of fire insurance. The subject of insurance was a dwelling house situated in Carthage, Tenn. The contract insured against loss and damage to the extent of $5,000. The loss was appraised at $3,409.72. The insured, claiming that his loss and damage was $5,000, filed this bill, attacking the award upon several grounds. Upon the pleadings and evidence, the court below held the award void, and entered a decree appraising the complainants' damage at $5,000, for which sum, with interest, a decree was directed. From this decree the insurance company has appealed.

¶ 1. Conditions of insurance policies as to arbitration, see notes to Insurance Co. v. Alvord, 9 C. C. A. 628; Assurance Co. v. Decker, 39 C. C. A. 389.

¶ 2. See Insurance, vol. 28, Cent. Dig. § 1429.

J. C. Bradford, for appellant.

G. N. Tillman and A. E. Garrett, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. 1. The policy provided that in default of an agreement the loss should be ascertained by "two competent and disinterested appraisers," one to be selected by each party, and an umpire selected by the two thus chosen, to whom any differences should be submitted. It also provided that the appraisers should together "estimate and appraise the loss, stating separately sound value and damage." A disagreement as to amount of loss having occurred, appraisers were chosen; the insurers selecting one, and the insured another, and these two selecting a third as umpire. The submission was duly signed, and provided, among other things, that the appraisers "should ascertain the sound value of and the loss upon the property damaged and destroyed," etc. For their government in making the appraisement, it was also provided, that, "it is further expressly understood and agreed that, in determining the sound value and the loss or damages upon the property hereinbefore mentioned, the said appraisers are to make an estimate of the actual cost of replacing or repairing the same or the actual cash value thereof, at and immediately preceding the time of the fire; and in case of depreciation of the property from use, age, condition, location or otherwise, a proper reduction shall be made therefor." It was further provided that the award of any two of the appraisers thus chosen, "made in writing in accordance with this agreement, shall be binding upon both parties to this agreement as to the amount of such loss." The award made was signed by the appraiser chosen by the insurer, and by the umpire. The appraiser selected by the insured refused to sign.

The award is in these words:

"To the Parties Interested: We have carefully examined the premises and remains of the property hereinbefore specified in accordance with the foregoing appointment, and have determined the sound value to be ——— dollars, and the loss and damage to be thirty-four hundred and nine and $^{72}/_{100}$ dollars ($3,409.72).

"Witness our hands this the 28th day of January, 1901.
                                    "W. H. Robinson, Umpire.
                                    "H. Griffin, Appraiser."

Is this award in accordance with the submission? The agreement under which the appraisers were selected was at once the source and limit of their authority, and the award, to be binding, must, in substance and form, conform to the submission. 33 Ency. of Law & Proced. 674; Toomey v. Nichols, 6 Heisk. 159; Palmer v. Van Wyck, 92 Tenn. 397, 21 S. W. 761. The submission required the appraisers to determine two things, and two things only, for the submission was only for the purpose of determining the amount of loss, and no other defense open to the insurer was submitted. The policy itself required that the appraisers should state "separately sound value and damage," and the submission, in no less than four

distinct paragraphs, required that both the sound value and loss or damage should be estimated or appraised. Sound value is the cash value, making an allowance for depreciation due to use, etc., at and immediately preceding the time of the fire. This definition is plainly implied by the paragraph from the submission set out above. The award is therefore not in accordance with the submission, because the sound value has not been estimated or appraised.

The able attorney who represented the insurance company in this court has attempted to meet this departure from the submission by two suggestions: First, that the award should be construed as a finding that the "sound value" was nothing; second, that the failure to estimate and appraise the sound value is immaterial, and therefore not fatal. But if "sound value" be the cash value of the insured premises before the damage by fire, the award would be absurd, for it would be equivalent to saying the cash value of the premises before the fire was nothing, but that by the fire a loss and damage has been sustained of $3,409.72. Upon the other hand, a more reasonable implication from the loss and damage appraised is that the cash value immediately before the fire was at least not less than the amount of loss and damages sustained. But was the cash value of the premises immediately before the fire greater than the loss and damage resulting from the fire? If any, the difference must be the value of the remains. If the appraisers had been governed by the agreement of submission, we should not be guessing as to whether the appraisers regarded the loss or damages greater or less than the cash value of the premises just before the damage occurred. The arbitrators have failed to decide a matter which they were required to decide. The cash value before the fire, less depreciations, is all that the insurer was obliged to pay. If the loss and damage was less than this sound value, it could not be required to pay more than the least of the two sums, and the loss and damage could not be greater than the cash value. Hence it was material to the insurer to have both appraised. The award would not conclude the company, therefore, if this sound value was not found, and it might refuse to abide by it. An award ought not to be valid or void at the option of one only of the parties. The award should have pursued the submission, so as to have been obligatory upon both parties. Smith v. Sweeny, 35 N. Y. 291, 293 (opinion of Peckham, J.); Cyclopedia of Law & Procedure, vol. 3, p. 713; Brown v. Warnock, 5 Dana, 492; Harrington v. Brown, 9 Allen, 579. But the direction to assess both the sound value and the loss and damage cannot be said to have been immaterial to either party. If followed, the appraisers would have been compelled to have exercised much care in their estimate, inasmuch as the appraisement of the sound value and the loss and damage to that would necessarily involve an assessment of the value of the remains. Thus some security was provided against inconsistent appraisements. Neither is this such an award as should be upheld by any strained interpretation that the appraisers meant by the unfilled blank in their written award to find that the sound value was identical with the loss and damage reported. This would be an inference in the teeth of an overwhelming weight of evidence show-

ing that the sound value was not less than $5,000, after allowance for depreciation. It is therefore inferable that if the appraisers had obeyed the submission, and appraised the sound value as they were directed to do, they would have appraised it at $5,000. Such a result as this would have checked the possibility of assessing the loss and damage at any less figure, except as a result of an estimate of the cash value of the ruins as equal to such difference. But here, again, the evidence forbids any such intendments for the purpose of upholding a defective award, for the almost conclusive evidence is that the remains of the burned building were not worth more than the cost of removal from the site. We cannot, therefore, assume that the determination of the sound value was for the sole benefit of the insurer, or that the failure of the award to find and report that value has not been of detriment to the assured.

2. Objection is made to the validity of the award for want of notice to the insured. The submission does not, in terms, require notice, or that the appraisers should follow the law. In such circumstances, if appraisers act in good faith, the award is not invalidated because they have erred as to the facts or respecting the law, unless the award shows a purpose to follow the law, and a plain mistake. 3 Cyclopedia of Law & Procedure, 740, and cases cited; Tenn. v. Ward & Briggs, 9 Heisk. 100, 116; Nance v. Thompson, 1 Sneed, 325. Section 5198, Shannon's Code of Tennessee, requiring notice, seems to apply to statutory arbitrations conducted under that chapter, and not to abrogate the common law in respect of arbitrators and awards. Halliburton v. Flowers, 12 Heisk. 25. That notice shall be given to the parties of the time and place of the hearing is ordinarily required, from the commonest principles of justice. Lutz v. Linthicum, 8 Pet. 165, 8 L. Ed. 904; Elmendorf v. Harris, 23 Wend. 628, 35 Am. Dec. 587; Vessel Owners Co. v. Taylor, 126 Ill. 250, 18 N. E. 663; Warren v. Tinsley, 53 Fed. 689, 3 C. C. A. 613. But if the character of the matter submitted and of the arbitrators chosen is such as to justify an inference that the appraisers were selected to act as experts, and adjudge the matter from their own knowledge, it is not essential that notice shall be given or evidence heard unless the submission so provides. 3 Encyclopedia of Law & Procedure, 638, 640; Warren v. Tinsley, 53 Fed. 689, 3 C. C. A. 613, 616; Liverpool Ins. Co. v. Goehring, 99 Pa. 13; Hall v. Norwalk Fire Ins. Co., 57 Conn. 105, 17 Atl. 356; Straw v. Truesdale, 59 N. H. 109, 112. In the present case the arbitrators were to ascertain and appraise the sound value of a brick dwelling which had been so completely destroyed by fire as that substantially nothing remained of the woodwork, inside or out. The walls themselves were in part fallen. Thus a mere examination of the premises could not, on the evidence in this record, have informed them as to the character of the finishing of the interior work, and its condition before the fire. The appraisers were experienced contracting builders, but, without some evidence, how was it possible for them to know the sound value or the loss and damage. Under such circumstances, appraisers should give notice to both parties of the time and place of hearing, and require evidence in respect of facts which they could

not otherwise know. The mere fact that the assured saw the appraisers on the street, and that he did not ask to be heard, or object to their proceeding without notice, is not a waiver. The appraisers were not in session when complainant saw them, and he was not present when they examined the ruins or acted in any way in the discharge of their duty, and he had no notice of either the time or place of their session. In favor of an apparently just award, many presumptions may be indulged, but in this case the result reached is so apparently unjust as not to justify any indulgent view of the conduct of the arbitrators. If the appraisers heard evidence as to the character and finish of the interior of this house without notice, they were guilty of misconduct. On the other hand, if they undertook to appraise the loss and damage resulting to the assured without other information as to the character of the interior work than that to be derived from such a ruin as this was, they were equally neglectful of their duty, and exhibited an indifference to justice most culpable.

3. A question has been made upon the partiality of the appraiser selected by the company, but we think it unnecessary to go into this question, in view of the fact that the award must be set aside without regard to this matter.

4. There was no error in the rendition of a decree for the loss and damage as shown by the evidence in the cause. The court, having obtained jurisdiction for the purpose of setting aside the award, which had been pleaded as a bar to the pending suit at law upon the policy, might retain the case for the purpose of determining the loss and damage, or, in its sound discretion, remit that subject to a court of law. Peck v. Ayers & Lord Tie Co., 116 Fed. 273, 275, 53 C. C. A. 551; Ward v. Todd, 103 U. S. 327, 26 L. Ed. 339; Ober v. Gallagher, 93 U. S. 199, 23 L. Ed. 829.

The decree is accordingly affirmed.