BURT v. CUMBERLAND COAL & COKE CO. et al.

(Circuit Court of Appeals, Sixth Circuit. January 22, 1908.)

No. 1,723.

1. EQUITY—JURISDICTION—LACK OF REMEDY AT LAW.

Where a married woman has been disseised of her lands, of which she has a present right to the possession and use, and she cannot maintain an action of ejectment without joining with her husband, if he refuses to join, or by his laches his right to do so has become barred, equity has jurisdiction of a suit by the wife, by her next friend, for their recovery, on the ground that she is without adequate remedy at law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 153.]

2. SAME—DISSEISIN OF WIFE—RIGHT TO SUE IN EQUITY—TENNESSEE STATUTE.

Under Acts Tenn. 1849-50, p. 111, c. 36 (Shannon's Code, § 4234), which, as construed by the Supreme Court of the state, provides in effect that a wife shall not be deprived of possession of her lands by any act of her husband or his creditors, where she has been disseised and her husband neglects or refuses to join with her in an action for their recovery until such an action has become barred by the seven-year statute of limitations, the wife is not compelled to wait until after discoverture to enable her to bring her action, under the saving clause of Shannon's Code, § 4148, but may, by her next friend, bring her suit in equity, joining her husband as a defendant.

Appeal from the Circuit Court of the United States for the Eastern District of Tennessee.

This bill was dismissed upon motion of the defendants, because it did not present a matter cognizable in equity; it being, in the opinion of the learned trial judge, nothing more or less than a simple ejectment suit and the remedy at law plain and adequate. The complainant is a feme covert and brings this bill by a next friend. Her husband is made a defendant, along with a number of corporations and individuals. The subject-matter is a tract of some 5,000 acres of mountain land alleged to be valuable chiefly for its coal and timber. The bill avers that this body of land came to complainant by descent while a married woman; that after descent cast, and while feme covert, the defendants, other than her husband, dispossessed her and her husband unlawfully and with force and arms, and have ever since continued in the actual, adverse possession under title papers the character of which is unknown to her, and that this adverse claim and possession has continued for more than seven years. It is also alleged that during all of this time she has been the lawful wife of the defendant, Nathan J. Burt, but that he has at all times and still neglects and refuses to bring any suit or action against those who have thus been holding adverse possession of her lands, although such possession has been adverse to both the joint estate of husband and wife, as well as to the fee which is in her. In respect to the matter of waste and trespass, the bill alleges that the defendants, other than her husband, while so in possession and control of said lands, have from time to time "wrongfully and unlawfully destroyed, cut, removed, sold, and disposed of large quantities of valuable timber and growing trees from said lands, and have dug, mined, and removed large quantities of coal and other minerals, and now threaten to cut, remove, and dispose of valuable timber and growing trees, and dig, mine, remove, and dispose of large quantities of coal from said lands, and while so in possession and control of said lands, said defendants, and each of them, have from time to time permitted and allowed other persons to go upon said lands and cut, remove, and appropriate to their own use large quantities of valuable timber and trees, and dig, mine, remove, and appropriate to their own use large quantities of coal from said lands, all to the great injury and damage of your orator; that the trees, timber, and coal on said lands constitute their principal value." The prayer of the bill is for an injunction pendente lite, restraining the transfer, disposition, or incumbrancing of said lands, and enjoining defendants from cutting or removing timber, or mining or removing coal or other minerals, and that upon final hearing the claim of title under which defendants claim, their character being unknown, be canceled as clouds upon her title; that complainant be restored to possession and defendants enjoined from "cutting, removing, or disposing of any timber or trees, or digging, mining, or removing coal, or committing any other waste or trespass upon said lands." The prayer concludes with one for "other and further relief as may be just and equitable in the premises."

Theodore Richmond, Henry A. Chambers, William T. Cooper, Henry M. Caldwell and George S. Grimes, for appellant.

John F. McNutt, Conaster & Case, and Garvin & Cantrell, for appellees.

Before LURTON and RICHARDS, Circuit Judges, and KNAPPEN, District Judge.

LURTON, Circuit Judge (after stating the facts as above). The sole question is whether this bill can be maintained in equity. The court below thought it a simple ejectment bill. But, if this be conceded, does it follow that it cannot be maintained as a bill in equity? A married woman cannot maintain at law an action of ejectment, in respect of her fee-simple estate, without joining her husband. 21

Cyc. 1512, 1517; 2 Story's Equity, § 1368. If her husband refuses to join she has no remedy at law, and if she cannot obtain relief in equity she is without remedy so long as her disability may continue. It is the high function of a court of chancery to give a remedy where there is a right for which common-law writs afford no complete or adequate relief. This principle is the very cornerstone of equity jurisdiction. Neither is this jurisdiction extinguished by the fact that courts of law may now give a remedy in respect of rights which they originally rejected. Lord Eldon, in Kemp v. Pryor, 7 Vesey, 249, 250, well said, with respect to the permanency of the jurisdiction once acquired:

"Upon what principle can it be said that the ancient jurisdiction of this court is destroyed because courts of law now very properly perhaps exercise that jurisdiction which they did not exercise 40 years ago?"

Jurisdiction must then depend upon whether Mrs. Burt has a present right to be restored to the possession of her lands and a present right to the use and profits therefrom. If, being a married woman, she cannot sue at law without joining with her husband, and if he will not protect her by bringing a joint action, or cannot now do so, because of his laches in not sooner bringing such a joint action, then it is clear that we have a case where the remedy at law is not adequate, and upon this foundation equitable jurisdiction may be sustained. What, then, are the present rights of Mrs. Burt?

The interest which at common law a husband acquires in the fee-simple estates of his wife is a freehold, in her right, which may continue during their joint lives, and may, by birth of issue and his survival of the wife, become an estate for his life as an estate by the curtesy. He is not, during the wife's life, solely seised, but jointly with his wife. The common-law expression of his interest in her lands during marriage is that "husband and wife are jointly seised in right of the wife." Guion v. Anderson, 8 Humph. (Tenn.) 299; Weisinger v. Murphy, 2 Head (Tenn.) 676. A disseisin during coverture is a disseisin of the joint estate, and to recover possession husband and wife must jointly sue, and the statute of limitations will begin to run against this joint estate from the date of the adverse entry. If suit by the husband and wife is not brought within seven years from such joint disseisin, the joint suit of the husband and wife will be effectually barred. Shannon's Code Tenn. §§ 4457, 4458. Such an adverse possession effectually extinguishes any interest he may have in his wife's fee-simple estate, and, if he survives her, he has no right as tenant by the curtesy. Weisinger v. Murphy, 2 Head (Tenn.) 674.

The Tennessee statute of limitations runs against married women as well as against those who are single, and an adverse possession begun during coverture would not only bar the joint estate of husband and wife, but also the single estate of the wife, but for the proviso in the statutes which saves to the wife and her heirs a right of action for three years after the removal of the disability. Shannon's Code, § 4448; Guion v. Anderson, 8 Humph. (Tenn.) 299, 326; Weisinger v. Murphy, 2 Head (Tenn.) 674. This estate of freehold in right of the wife the husband could sell, or it might be seized and sold

by his creditors, and the wife could take no step to protect her-self, either against a disposition of this joint estate by the husband or his creditors, or against its loss through his laches. Coleman v. Satterfield, 2 Head (Tenn.) 261. So when a joint disseisin had continued for more than seven years without action brought, the only right of the wife was to bring her suit after her disability had terminated within the three years under the saving clause of the statute. Guion v. Anderson, 8 Humph. (Tenn.) 299; Murdock v. Johnson, 7 Cold. (Tenn.) 616; McCallum v. Petigrew, 10 Heisk. (Tenn.) 396. Thus the law of Tennessee stood prior to Acts 1849–50, p. 111, c. 36 (Shannon's Code, § 4234). That act provided as follows:

"The interest of the husband in the real estate of his wife, acquired by her, either before or after marriage, by gift, devise, descent, or in any other mode, shall not be sold or disposed of by virtue of any judgment, decree or execution against him; nor shall the husband and wife be ejected from or dispossessed of such real estate of the wife by virtue of any such judgment, sentence, or decree; nor shall the husband sell his wife's real estate during her life without her joining in the conveyance in the manner prescribed by law in which married women shall convey lands."

The Tennessee Supreme Court in a uniform line of decisions have construed this act as so changing the common law as to secure to married women the free use and enjoyment of their fee-simple estates against any act of the husband in which the wife does not join in the statutory mode for conveying her lands, as well as against any act of his creditors, or process of the courts in respect of any freehold estate he may have therein. Coleman v. Satterfield, 2 Head (Tenn.) 264, 265; McCallum v. Petigrew, 10 Heisk. (Tenn.) 394; Moore v. Walker, 3 Lea, 657; Key v. Snow, 90 Tenn. 663, 666, 667, 18 S. W. 251. Neither will the laches of the husband, in consequence of which the joint estate of husband and wife is barred, operate to destroy her right of possession and enjoyment. Being unable to sue alone at law, she has, under the cases cited above and that of Cantrell v. Davidson County, 3 Tenn. Ch. App. 426, where the opinion was by the learned Chancellor Cooper, the right to bring a bill in equity by next friend, making her husband a party defendant. Referring to the jurisdiction of a court of equity to give relief to the wife in a case where the joint estate of husband and wife in right of the wife was barred by an adverse possession of more than seven years, Chancellor Cooper, in the case last cited, said:

"The wife's right to come into this court, according to the decisions, depends, not upon a removal of a cloud from the title, in the sense of annulling an actual paper title, void as to her, but upon the fact that she has no remedy at law, being incapable of suing in that court without her husband, and he being estopped, either by his deed or the bar of the statute of limitations, to join her in suing; and this, whether the adverse holding be without paper title or under an assurance from a third person. In the latter class of cases the disseisin is, so far as the wife is concerned, as if the disseisor had 'entered upon, took possession of, and unlawfully ejected her.' The fact that the defendant claims under an assurance of title from a third person, purporting to convey an estate in fee, is of no importance upon the question of jurisdiction, where the suit is by a married woman, however important it may be where a person sui juris comes into this court to try title to land, instead of bringing an action of ejectment at law. A cloud upon the title, created by adverse possession alone, may, under the decisions of our Supreme Court, be

as efficacious to confer jurisdiction in this court as a cloud created in any other way. Almony v. Hicks, 3 Head (Tenn.) 39; Graham v. Caldwell, at Knoxville. June 10, 1876. Be this as it may, the equity of this bill rests upon the ground that the wife cannot sue alone at law, and that the rents and profits sued for are her separate property, the only remedy for which is in equity."

In Key v. Snow, cited above, the court, referring to the act of 1850 and its construction in Coleman v. Satterfield, supra, said:

"Since that case the right of the wife to sue separately in equity has not been debatable. But is this right of separate suit, pending coverture, one against which the statute of seven years operates? Confessedly she is not barred unless she delay her suit for more than three or seven years after death of her husband. Is she compelled to await the death of her husband to recover possession of her lands, if her husband negligently or willfully permit the seven-year statute to bar the joint action? It would seem that, if the husband cannot deprive her of her right to the possession by his deed, she ought not to be defeated by any negligence of his in failing to sue with her a stranger who has wrongfully disseised her. If this be not so, then we have the strange anomaly that while the husband, by his deed, cannot defeat her right of possession, yet he may, by his negligence, deprive her during his life of the very estate the statute intended should be protected against his act or the act of his creditor."

In McCallum v. Petigrew, cited above, the Supreme Court of Tennessee said:

"By a fair construction of Acts 1849–50, p. 111, c. 36, and by giving effect to its spirit and intent, which is that the wife shall not by the act of her husband be deprived of the possession of her land, it secures to her when necessary the right to prosecute by next friend a separate action to recover her possession. The argument of the defendant, one that has great force, is that the only effect of the act of 1849–50 is to render inoperative the deed of the husband during life of the wife, but without in any manner affecting the statute of limitations, thus leaving the party entering under the husband's deed as a naked disseisor, as if no deed were executed, and as a consequence, under the authorities before referred to, the joint right of action of husband and wife would be barred in seven years. But we think the object of the act of 1849–50 was to protect the possession of the wife against the acts of her husband, and whenever he has executed his deed for the land, whether he would be estopped by it from joining in the prosecution of an action to recover the land or not, this act gives to the wife a right, independent of and against the act of her husband, to be restored to the possession of her land. Against this separate right of action the statute does not run. Before this act she could not prosecute an action without her husband joining. Against this joint action the statute did run, and the wife was compelled to wait until she could bring her separate action, which was after discoverture; but now she may prosecute this separate action without waiting until discoverture. The act of 1849–50 was intended to secure to the wife the use and enjoyment of the estate during her life. She may prosecute her right without her husband joining as plaintiff. She, it is clear, has the right within three years after discoverture to bring her suit. This must be upon the ground that her right is not extinguished by the adverse possession; but, the joint action being barred, she could only have the saving of the statute within which to sue. If her right is not extinguished, and she can prosecute a separate suit to recover her property, we do not see that she should be postponed until the death of her husband, although the result is to restore the husband as well as the wife to possession. We think, therefore, the action is not barred."

Under the well-settled line of opinions by this court and the Supreme Court, the construction of this act by the Supreme Court of Tennessee should be accepted by this court. If, therefore, the effect of this Tennessee act of 1849–50 is to protect Mrs. Burt in the enjoy-

ment and possession of her fee-simple estates against any act of her husband or his creditors, as well as the consequences of his neglect and refusal to bring a joint action before such an action was barred, she has a present right to the possession of the lands described, a right for which no remedy at law exists. in consequence of her coverture. Under such circumstances we quite agree with the Tennessee court in holding that, when a right is given by statute which cannot be enforced at law by reason of the estoppel of the husband and the coverture of the wife, equity will give relief.

We do not deem it essential to consider another ground of jurisdiction growing out of the averments of the bill as to the waste which has been committed and the threat to continue cutting timbers and mining coal. In Peck v. Ayers & Lord Tie Co., 116 Fed. 273, 53 C. C. A. 551, and Douglas Co. v. Tenn. Lumber Co., 118 Fed. 438, 55 C. C. A. 254, we held that where one object of such a bill was to restrain trespass and waste of timber, and the principal value of the land was in its timber, if a case for an injunction pendente lite was made out, the bill would be retained for the purpose of settling the question of title also. The averments of this bill are somewhat meager as to fear of future trespass and the necessity for a restraining order. We do not, therefore, put our judgment sustaining jurisdiction upon this aspect of the relief sought, though we do not wish to be understood as regarding the bill as fatally defective in that regard.

The decree dismissing the bill will be reversed, and the cause remanded for such further proceedings as are not inconsistent with this opinion.