Mrs. Ann Cass CARR

v.

The AMERICAN INSURANCE COMPANY, the Pacific National Fire Insurance Company, Boston Insurance Company, General Adjustment Bureau, Inc.

Civ. A. No. 1130.

United States District Court
E. D. Tennessee,
Northeastern Division.

March 12, 1957.

Chase & Neel, Johnson City, Tenn., for plaintiff.

Thos. E. Mitchell, Johnson City, Tenn., H. Dennis Erwin, Erwin, Tenn., for defendants.

**ROBERT L. TAYLOR, District Judge.**

This is an action to recover an arbitration award made on account of a fire loss, which loss was covered by fire insurance policies issued by the three insurance companies listed as defendants above. Plaintiff alleges that the three policies, each in the amount of $5,000, contained a standard arbitration provision; that after the loss the determination of the amount of loss was submitted to two arbitrators, one selected by the plaintiff, the other by defendants; that the two arbitrators submitted widely divergent estimates; that the umpire appointed by a court was then called upon to settle the disagreement between the two arbitrators; that the umpire found the damage to be $8,001.51; that the arbitrator selected by the insured placed the loss at $7,983.91; that the insured waived the excess above that sum in order to conform the estimate of the umpire with that of the insured's arbitrator; that after such waiver the insured demanded payment of the insurers, which demand was rejected.

For answer defendants admit the issuance of the policies; that they covered a certain building of the insured; that a fire loss occurred about January 17, 1956.

Defendants do not deny liability for the loss but say this action is premature.

Defendants aver that the appraisers did not state separately the "actual cash value and loss to each item," as required by the arbitration provision, but submitted separately lump sum estimates of the loss.

Defendants say they have refused to make payment for the reason that the arbitration is not complete.

Plaintiff seeks an alternative relief, namely, that a decree be entered against the defendants "in such amount as the Court may find that complainant may be entitled to in the facts presented."

As to this alternative action, defendants say it is not maintainable because the controversy has been submitted to arbitration.

Defendants have filed a motion for summary judgment based upon the pleadings. The defendants say that this Court is without right to render a valid judgment on the merits because the parties agreed in writing to submit their differences to arbitration and that the arbitrators have failed to make a valid award and the suit is premature.

The basis of this contention is that the parties agreed by written contract to submit their differences to arbitration; that in accordance with the agreement the differences were submitted to arbitrators but the arbitrators have failed to make their award in accordance with the terms of the submission. One of the terms was that the appraisers should appraise the loss, stating separately the "actual cash value and loss to each item." Another, "an award, in writing so itemized, of any two when filed with this company shall determine the amount of actual cash value and loss."

The record shows that the arbitrators have failed to submit an award in writing signed by two of them and have failed to state separately the actual cash value and loss of each item.

Tennessee has an arbitration statute which permits submission of a cause of action to arbitration, either before or

**702**

after litigation has commenced. Code secs. 23–501 to 23–518.

■ Arbitration is a bilateral proceeding, and the general rule is that parties to a controversy may submit factual issues to arbitrators and afterwards enlist the aid of a court in enforcing the arbitration award, but they may not oust a court of jurisdiction over legal issues.

Here the parties have agreed to arbitrate only a factual issue, that relating to the extent of fire loss.

■ The insurers do not contest their liability for the loss, when it has been ascertained. The fact that they have gone ahead with the arbitration is an admission of liability. Hickerson & Co. v. Insurance Companies, 96 Tenn. 193, 33 S.W. 1041, 32 A.L.R. 172; Harowitz v. Concordia Fire Insurance Company, 129 Tenn. 691, 701–702, 168 S.W. 163.

■ Where parties in controversy agree to arbitration, the submission is an agreement and a mutual delegation of a specific authority. The arbitration must proceed in accord with the submission. Unless the award strictly conforms to the submission, it is a nullity.

Palmer v. Van Wyck, 92 Tenn. 397, 405, 21 S.W. 761; Toomey v. Nichols, 53 Tenn. 159, 162; Mullins v. Arnold, 36 Tenn. 262.

On the matter of variance the Tennessee arbitration statute has only the following:

> Sec. 23–515: "Modification of award.—The court is empowered, on motion of either party, to correct or modify the award:
>
> \*     \*     \*     \*     \*     \*
>
> "(3) Where the award is defective or imperfect in a matter of form not affecting the merits."

■ This section of the code is of little help, for the reason that here the requirement of itemization materially affects the merits. Unless the loss has been itemized, the arbitration is incomplete, and the suit is premature. If the award was complete, the plaintiff would be entitled to judgment on the award. Code sec. 23–518.

The motion for summary judgment was not filed at the time the pretrial was held but the order states that such motion was contemplated and defendants were given ten days in which to file it. At that time the Court was of the view that the case could be tried on the merits and fixed the day of trial for March 15, 1957.

A careful examination of the Tennessee cases and statutes dealing with arbitration has convinced the Court that the case cannot be heard on the merits at this time because a valid award has not been made. For this reason and upon the authorities hereinbefore cited, the Court is constrained to sustain the motion for summary judgment without prejudice to the plaintiff to institute another suit or suits, if necessary, after a valid award is made by the arbitrators.

An order has been passed to the clerk sustaining the motion for summary judgment without prejudice to plaintiff's rights on the merits.