MR. JUSTICE SHEEHY
dissenting:
When this cause is returned for further proceedings, the District Court will have no alternative but to render judgment again in favor of the plaintiff in the amount of the appraisers’ award. There are no further factual issues to determine, and the case presents only legal questions, which the lower court correctly decided, and to which we should agreee.
Whether we regard the judgment as one based on a motion for judgment on the pleadings, or as a summary judgment, the result is the same.
With respect to the pleadings, the plaintiff’s complaint alleges the issuance of an insurance policy by the defendant, a fire within the term of the policy, and a loss, the amount of which remains unpaid after proof of loss has been filed with the defendant.
The defendant has filed an answer, admitting the issuance of the policy, that it was in effect, and that a loss occurred during the term of the policy. It denies any loss in excess of $18,316.21 for which it asks the court in its prayer to enter judgment.
*388 As a first affirmative defense, the defendant alleges that there were fires on three separate occasions, and goes on to contend, “that the plaintiff . . . caused the premises insured ... to be materially altered so as to decrease the value of said property; that plaintiff did not report said alterations to defendant; that said alterations materially affected the insurancce risk of the defendant.”
Later, when a motion for summary judgment was pending, the insurance company, in its brief, stated that the alterations consisted of but are not limited to removal of the second story on the main building and removal of an adjacent building. They do not allege or contend that the alterations increased the insurer’s risk in the property.
The policy provision upon which Glacier relies in its first affirmative defense is this:
“Unless otherwise provided in writing hereto, this company shall not be liable for loss occurring:
“(a) While the hazard is increased by any means within the control or knowledge of the insured ...”
No matter how one slices it, a material alteration which serves to “decrease the value of said property” cannot be converted into an increase of the hazard insured against.
The cases are unanimous that the increase of hazard clause refers to physical conditions. West v. Green (1969), 284 Ala. 517, 226 So.2d 302; Grace v. Westchester Fire Ins. Co. (1964), 7 Ohio App.2d 156, 219 N.E.2d 227. “Increase of hazard” is synonymous with “increase of risk of loss.” Brooks Upholstering Co. v. Aetna Insurance Co. (1967), 276 Minn. 257, 149 N.W.2d 502.
“Since the term ‘increase of hazard’ denotes a change in the circumstances existing at the inception of the policy, it is evident that a provision in an insurance policy against increase of risk or hazard relates to a new use which would increase the risk or hazard insured against, and not to a continuation of a former or customary use, or to a change in risk without increase of hazard. It contemplates an alteration in the situation or circumstances affec *389 ting the risk which would materially and substantially enhance the hazard, as viewed by a person of ordinary intelligence, care and diligence. Thus, not all changes in the purposes for which premises are occupied or used will be such hazard-increasing activities as will void insurance coverage . . .” 43 Am.Jur.2d 879, 880, Insurance, § 927.
It is Glacier’s theory that the alterations in the property, which decreased its value “materially affected the risk.” Perhaps so; but what is prohibited under the policy clause is enhancement or increase in the risk against fire. Glacier’s theory is so ethereal as to have no weight.
If we determine therefore, that the affirmative defense presents nothing for the District Court or this Court to determine, and is legally ineffective, what remains for us or the District Court to decide? We must turn then to the effect of the uncontrovertible fact that Glacier sought and received the consent of the insured to an appraisal under the terms of the policy and that an appraisal of the loss under the terms of the policy has been made and rendered.
The fact that Glacier has requested and gone ahead with the arbitration is an admission of liability under the policy. Carr v. American Insurance Company (U.S.D.C.Tenn.1957), 152 F.Supp. 700. This was an act affirming the validity of the policy, which act negated Glacier’s contention that the policy was void.
The policy provision for appraisal or arbitration is this, in pertinent terms:
“In case the insured and this company shall fail to agree as to actual cash value or the amount of the loss, then, on the written demand of either, each shall select a competent and disinterested ap-. praiser . . . The appraiser shall then appraise the loss, stating separately actual cash value and loss to each item, and, failing to agree, shall submit their difference only to the umpire an award in writing so itemized of any two when filed with this company shall determine the amount of actual cash value and loss ...”
The appraisers undertook the appraisal, item by item. They found a total cost to reconstruct the building of $80,000. Never *390 theless, they agreed to reduce the loss on the building as far as the actual cash value and loss to each item was concerned to $48,524. They found a further loss to the equipment in the bar in the sum of $5,320.
Since the appraisers made their award, including the cost of reproduction less depreciation, the award is not subject to judicial review where the policy states that the award when filed “ ‘shall determine the amount of actual cash value and loss.’ ” Schreiber v. Pacific Coast F. Ins. Co. (1950), 195 Md. 639, 75 A.2d 108, 111, 20 A.L.R.2d 951, 956.
The report of appraisers indicated that they had “found the actual cash value and loss to each item” in their report. Their award therefore is in accordance with the terms of the policy and may not now be attacked by Glacier, especially when Glacier requested the appraisal.
The case therefore, is clear, at least to me: there was a policy of insurance in effect at the time of the fire; there was a material alteration of the premises while the policy was in effect which reduced the value of the property insured but did not enhance the fire risk; there was a resort by Glacier to appraisers under the terms of the policy, and the appraisers have returned the amount of their award in accordance with the terms of the policy. The insured is entitled to a judgment in the amount of the appraiser’s award plus interest from the date of the fire.
Therefore, the insured was entitled to judgment on the pleadings or to a summary judgment, whether further affidavits were filed or not. I would so hold.
MR. JUSTICE HARRISON concurs.