## Richard Burpe

### *v.*

## Scott Van Eman.

The referee who tried this case finds that Burpe appointed Van Eman his agent, to take charge of certain premises, to rent the same, to collect the rent falling due, and to account therefor; that Van Eman took and assumed the sole and exclusive control of said premises from the 1st of October, 1858, until the 1st of October, 1860, and that during that time said premises were worth the sum of four dollars per month. As conclusions of law, he finds, "that Van Eman, having accepted the agency, and taken full possession and control of the property, was bound to use due care and diligence to protect the same from injury, as well as to rent the same, and that, failing to do so, Burpe is entitled to recover of Van Eman the sum of ninety-six dollars, with interest." The referee did not find whether Van Eman had, or, with reasonable diligence, could have, collected any rent of said premises, or that he did rent, or could

huve rented them to any person who could or would have paid any rent there-for. *Held:* that the facts found do not justify the legal conclusions of the referee.

Where the judgment is not warranted by the facts found by the referee, it may be reversed, though no exception was taken below, or " case " or bill of exceptions made.

This action was brought in the District Court for Washing-ington county by the plaintiff, to collect of the defendant the value of the rents of certain real estate of the plaintiff, for the renting of which he claims the defendant to have been his agent, and to have neglected and refused to rent the same, though he had many opportunities. The case was tried be-fore a referee, who reported in favor of the plaintiff, and a judgment was entered. No exceptions were taken to the rulings or findings of the referee at the trial, and no case was made or bill of exceptions filed. The defendant removes the cause to this Court by writ of error. The material allegations and denials of the pleadings, and the findings of the referee, sufficiently appear in the opinion of the Court.

WM. M. McCLEUR, for plaintiff in error.

I. The facts as found by the referee do not justify the con-clusion of law drawn therefrom, nor the judgment ordered by the referee.

1st. It does not appear from the facts found that the de-fendant was guilty of nonfeasance or misfeasance, it not ap-pearing that he could put the said premises to any other use than that of storing grain, hay or provender.

2d. It does not appear that he ever did or could collect any rent for the premises, or ever had an opportunity to rent the same for any sum whatever, or that if the premises had not been thus used, there might have been an opportunity to rent the same.

3d. It does not appear from the facts, found that the defendant ever undertook to guarantee the payment or collection of rent, nor does it appear that Cyrus Van Eman, who is found to have occupied the premises, had not paid to the plaintiff the full value thereof, or that said payment could not be collected from him.

4th. It does not appear from the facts found that said premises had been damaged in any amount by the use to which they had been put.

5th. The report does not find the agreement made by the defendant to have been for any valuable or any consideration, and does not find him guilty of gross negligence. 6 How. P. R. page 492; Dunl. Paley's Ag. pages 76–7.

L. R. Cornman, for defendant in error.

I. The facts found by the referee fully sustain his conclusion of law drawn therefrom, and show that the plaintiff is entitled to the judgment entered in the action. 3 Vol. U. S. D. p. 239, Secs. 166-67; *Walker v. Smith*, 1 Wash. C. C. 152; Story on Bailments, pp. 4, 5, 6, note (1); Paley's Agency, pp. 19 note (6); 1 Vol. Smith's Leading Cases, 96, 97, 98, marg. p.; Story on Agency, pp. 45, 183, 217, 324, 326, 333; 5 Vol. U. S. D. p. 592, Sec. 191; Sedgwick on Damages, 336, 337, marg. page.

II. Before the Court will review, exceptions to the finding of the referee must have been taken. *Mills v. Thornby et al.*, 12 How. P. R. 418; *City of St. Paul v. Kuby*, 8 Minn. 154; *Teller v. Bishop*, Ib. 226; *Bazille v. Ullman*, 2 Minn. 134; *Brainard v. Hastings*, 3 Minn. 45; *Califf v. Hillhouse*, 3 Minn. 311; *Goulard v. Castillon*, 12 Barb. 126; *Church v. Rhodes et al.*, 6 How. P. R. 281; *Mills v. Thursby et al.*, 12 Ib. 418; *Hunt v. Bloomer*, Ib. 567; *Johnson v. Whitlock*, Ib. 571; *Borst v. Spelman*, 4 Comstock, 284.

*By the Court*—Wilson, Ch. J.—There is no claim made in this action for damages to the premises in question, by misuse or neglect, nor has the referee allowed any damages on this account.

Burpe alleges that he appointed Van Eman his agent to take charge of the premises, to rent them, to collect the rent falling due, and to account for the same; that Van Eman did take and assume the sole and exclusive control of said premises, from the 1st of Oct., 1858, until the 1st of Oct. 1860, but that he neglected and refused to rent the same, or any part thereof, although he had many opportunities to do so. The answer denies the allegations of the complaint.

The referee finds that the parties entered into a contract, as alleged in the complaint, and that Van Eman did take the entire charge and control of said premises from the first day of Oct., 1858, until the first day of Oct., 1860, and that during that time, said premises were worth the sum of four dollars per month.

As conclusions of law, he finds "that Van Eman, having accepted the agency, and taken full possession and control of the property, was bound to use due care and diligence to protect the same from injury, as well as to rent the same; that failing to do so, Burpe is entitled to recover of Van Eman the sum of ninety-six dollars, with interest." The referee does not find that the defendant had, or with reasonable diligence could have, collected any rent of said premises, or that he could have rented them to any person who could, or would, have paid any rent therefor.

Van Eman can only be held liable for a failure to perform his duty as Burpe's agent, which was, so far as claimed in this action, to rent the premises if he could, with reasonable diligence, do so, and to collect and account for the rents. The referee, not having found that Van Eman could have rented the premises, or that he had, or could have, collected any rents, the judgment is not sustained by the report, and must be reversed.

Where the judgment is not warranted by the facts found by the referee, it may be reversed in this Court, though no exception was taken below, or case or bill of exceptions made. *City of St. Paul v. Kuby*, 8 Minn. 155.

The judgment below is reversed.