## FRANK FORD v. NELSON DANIELLS ET AL.

*Equity—Reformation of mortgage—Homestead.*

A husband and wife, intending to mortgage their farm of 160 acres, by mistake included only 40 acres in the mortgage, after which they conveyed the whole farm, subject to the mortgage, their grantees having knowledge of the facts, who sold 80 acres of the *non-mortgaged* land, including the homestead 40 acres, to a party having like knowledge, and who intended to defraud the holder of the mortgage by such purchase. A bill was filed to reform the mortgage, and the purchaser of the homestead contended that the court could not grant such relief as to said homestead, as the wife of the mortgagor had never signed a mortgage covering the same. In granting the relief prayed for, the Court held that said grantees must be considered as having reformed and corrected the description, so far as they are concerned, by the circumstances of their purchase and ownership of the premises; and as the default of the wife had been entered for want of an appearance, a decision of the question of the power of the court to so reform the mortgage as to her was not required.

Appeal from Clinton. (Smith, J.) Argued June 6, 1888. Decided June 22, 1888.

Bill to reform a mortgage so as to cover the whole land intended to be mortgaged. Defendant Daniells appeals. Decree affirmed. The facts are stated in the opinion.

*Daboll & Brunson,* for complainant.

*H. J. Patterson* and *O. L. Spaulding,* for appellant.

[The points of counsel are stated in the opinion.— REPORTER.]

MORSE, J.   November 14, 1882, the defendants George Rose and Addie M. Rose, husband and wife, executed a mortgage to Elizabeth B. Ford upon lands owned by George Rose in the county of Clinton, to secure a loan for $3,000.   The intention of the parties to this mortgage was to execute it upon all the land then owned by George Rose, the said premises being described as the N. W. ¼ of section 6, in township 5 N., range 3 W., and containing 160 acres.   But by a mistake of the scrivener, Loyal W. Hill, the land was described in the mortgage as the N. W. ¼ of the N. W. ¼.   The bill in this case is filed to reform said mortgage, and declare it a valid lien upon the whole premises, as intended by the parties when it was executed and delivered.   A decree in compliance with the prayer of the bill was entered in the court below.   The defendant Nelson Daniells alone appeals to this Court.

The defendants Brisbin and Cooley are the married daughters of the defendant Daniells, and purchased the premises, subject to this mortgage, October 1, 1885. They conveyed the east half of the land to Daniells November 7 in the same year.   Elizabeth B. Ford died May 1, 1884, without knowledge of the mistake in the description of the mortgage.   The complainant is her husband, and was also ignorant of the mistake until a short time before the filing of his bill of complaint.

It is alleged in the bill that, before the purchase of the premises by them, the said Brisbin and Cooley were informed of the fact that there was a mortgage of $3,000 to Mrs. Ford upon the land owned by Rose, and that

they supposed and acted upon the supposition in such purchase that said mortgage covered the whole premises, and that Daniells was also informed that the mortgage embraced the entire land, and knew that such was the intention of the parties to its execution; that Daniells, at the time of the deed to him of the east 80 acres, had notice and full knowledge of the mistake in the description, and that the conveyance from Brisbin and Cooley to him was not real and *bona fide*, but a sham, and made with intent to defraud the complainant.

We do not consider it necessary to discuss the evidence. The allegations of the bill are amply supported by the proofs, and the complainant is entitled to the relief granted by the lower court. It is insisted, however, that the mortgage cannot be reformed as to the north 40 acres of the land conveyed to Daniells, for the reason that, at the time of the conveyance by Rose and wife to Brisbin and Cooley, they were living upon this 40 as their homestead; that Mrs. Rose has never signed and acknowledged any mortgage upon the same; and although it be conceded that she intended to do so, and supposed she had done so, yet, not having executed the same, a court of equity has no power to treat the instrument as made by her, or, in other words, to affix her signature to a mortgage not signed by her, or to write above her signature in the mortgage before us a description of the homestead premises, the same not being contained therein when she wrote such signature; and that the objection which the wife might make to the reformation of this mortgage, as far as the homestead is concerned, is open to Daniells in this suit.

Under the circumstances of this case, I doubt if Daniells is entitled to make a plea of this kind. Mrs. Rose was made a party to this suit, and permitted the bill to be taken as confessed against her. When Brisbin and Cooley purchased the land, they bought it subject to this

mortgage, and paid for the premises with the amount of such mortgage deducted from its value. They could not equitably claim that any part of the premises should be released from said mortgage, if the whole was necessary to pay or discharge its lien.

Daniells is in no better position than they are, because, knowing of the true condition of affairs, he purchased with the intent of defrauding complainant.

The sale to Daniells has more the appearance of a sham than a real transaction. He knew that Rose and complainant both supposed that the mortgage covered all the land, but, ascertaining that it did not, he at once purchased the east 80, and the terms of his purchase are so arranged that he will lose nothing if he fails to hold the land released from the mortgage. He gave to Brisbin and Cooley, as he claims, in payment of the land, notes that he held against them for about $800, and gave his note for the balance, about $1,200. The note has not been paid.

We are satisfied that the complainant has the same equity against Daniells that he has against Brisbin and Cooley. These defendants must be considered as having reformed and corrected the description of this mortgage, as far as they are concerned, by the circumstances of their purchase and ownership of the premises. And Mrs. Rose has been concluded by her default and failure to appeal. We do not therefore deem it necessary to discuss the point raised as to the power of the court of chancery to reform and correct the mortgage as against Mrs. Rose. Equity will certainly grant the relief as against the others, for the reasons above stated. It will not give to Brisbin and Cooley, or their grantees with knowledge of the fraud, any greater interest in the premises than they purchased and paid for.

The decree of the court below will therefore be affirmed, with costs.

The other Justices concurred.