KEY *v.* SNOW.

(*Knoxville.*　November 7, 1891.)

1. MARRIED WOMAN.　*Can maintain suit in equity by next friend to recover her lands.*

A married woman can, since Act of 1849–50, maintain suit in equity by next friend, without joinder of her husband as complainant therein, for the recovery of her lands held as her general estate, the husband being made defendant in such suit.

Code construed: § 3338 (M. & V.); § 2481 (T. & S.).

Cases cited and approved: Coleman *v.* Satterfield, 2 Head, 264; King *v.* Nutall, 7 Bax., 221.

2. LIMITATIONS, STATUTE OF.　*Seven years' adverse possession does not bar wife's separate right of action for her lands.*

The wife's right to recover her lands by separate suit brought pending her coverture, by next friend in a Court of Equity, is not barred by seven years' continuous adverse possession of the lands, commenced and held during her coverture.

Cases cited and approved: McCallum *v.* Pettigrew, 10 Heis., 398; Moore *v.* Walker, 3 Lea, 656.

Cited as overruled: Murdock *v.* Johnson, 7 Cold., 605.

3. CHAMPERTY.　*Does not defeat vendor's suit for land.*

Neither at law nor in equity can the complainant's champertous deed be set up by way of defense to defeat his suit to recover lands. Such deed is absolutely void.

Cases cited and approved: Fowler *v.* Nixon, 7 Heis., 729; Wilson *v.* Nance, 11 Hum., 190.

Cited and distinguished: Lenoir *v.* Mining Co., 88 Tenn., 168.

4. MAINTENANCE.　*What is not.*

Neither at law nor in equity will an ejectment suit be dismissed for maintenance upon proof that, by an arrangement between the parties

Key *v.* Snow.

to a champertous deed, the suit is prosecuted in the name of the vendor for the benefit of the vendee.

Case cited and approved: Nance *v.* Thompson, 1 Sneed, 321.

---

FROM MORGAN.

---

Appeal from Chancery Court of Morgan County. H. R. GIBSON, Ch.

WASHBURN & TEMPLETON for Complainants.

PRITCHARD, SIZER & THOMAS, T. A. WRIGHT and E. E. YOUNG for Respondents.

LURTON, J. This is an ejectment bill by which complainants seek to recover an undivided five-eighths interest in two tracts of land of 5,000 acres each, granted in 1833.

The complainants are all *femes covert*, who sue by next friend, their husbands being made defendants. The other defendants are persons who hold under grants junior to those under which complainants claim, but have been in actual adverse possession of the lands now in controversy for a period of more than seven years. This adverse possession began during the coverture of complainants, and any joint right of action in favor of com-

plainants and their husbands has been barred. Complainants now insist that their separate right of action has not been barred, and that they are not compelled to await the death of their husbands before bringing suit to recover possession, but may, by next friend, institute suit in equity.

Prior to the passage of the Act of 1849–50— carried into the Code of 1858 at § 2481—seven years' adverse possession of the lands of a married woman operated as a bar to the recovery of the joint estate of husband and wife; and the wife could only sue to recover her estate after the death of her husband. The time within which she might sue, in case of a joint disseizin—as, where the possession was adverse to both husband and wife—was three years.

If, however, the possession was under a deed of the husband which operated to convey his estate in the lands of his wife, then the possession was not adverse to the wife during the continuance of the husband's estate, and she might, after the death of her husband, bring suit within seven years. This distinction between the effect of a joint disseizin and a possession under a deed operative as to the estate of the husband, is well stated by Chief Justice Deaderick, in *Nutall* v. *King,* 7 Bax., 221. This Act of 1849–50, as carried into the Code, reads thus:

"The interest of the husband in the real estate of his wife, acquired by her either before or after marriage, by gift, devise, descent, or in any other

mode, shall not be sold or disposed of by virtue of any judgment, decree, or execution against him; nor shall the husband and wife be ejected from or dispossessed of such real estate of the wife by virtue of any such judgment, sentence, or decree; nor shall the husband sell his wife's real estate during her life without her joining in the conveyance in the manner prescribed by law in which married women shall convey lands." Sec. 2481.

In *Coleman* v. *Satterfield*, this Court said:

"By the necessary construction of this Act the wife cannot be deprived either of the title or possession of her lands, except by her own voluntary act; and if a conveyance has been procured from her by fraud or other imposition, whether by the husband or by a stranger, she may maintain a bill to have it set aside and to have the possession restored to her, making the husband a party defendant. The object of the Act is the protection of the rights of the wife rather than the husband; and to deny her the right to sue separately in equity, in a case like the present, would be to defeat the obvious intention of the statute." 2 Head, 264, 265.

Since that case the right of the wife to sue separately in equity has not been debatable. But is this right of separate suit, pending coverture, one against which the statute of seven years operates? Confessedly she is not barred unless she delay her suit for more than three or seven years after death of her husband. Is she compelled to

await the death of her husband to recover possession of her lands, if her husband negligently or willfully permit the seven years' statute to bar the joint action? It would seem that if the husband cannot deprive her of her right to the possession by his deed, that she ought not be defeated by any negligence of his in failing to sue with her a stranger who has wrongfully disseized her. If this be not so, then we have the strange anomaly that while the husband, by his deed, cannot defeat her right of possession, yet he may, by his negligence, deprive her during his life of the very estate the statute intended should be protected against his act or the act of his creditor.

The question is not, however, an open one, as we understand the decisions of this Court. In the case of *McCallum* v. *Pettigrew*, the defendant had held more than seven years under the deed of the husband, and plead and relied upon the statute of seven years as a defense to the separate suit of the wife in equity, her husband being a defendant. The language of Judge McFarland, on the point under consideration, was this: "But we think, by a fair construction of the Act of 1849–50, and by giving effect to its spirit and intent, which is, that the wife shall not, by the act of her husband, be deprived of the possession of her lands, it secures to her, when necessary, the right to prosecute by next friend a separate action to recover her possession. The argument for the defendant—one that has great force—is that the

only effect of the Act of 1849–50 is to render inoperative the deed of the husband during the life of the wife, but without in any manner affecting the statute of limitations, thus leaving the party entering under the husband's deed as a naked disseizor, as if no deed were executed, and, as a consequence, under the authorities before referred to, the joint right of action of the husband and wife would be barred in seven years. But we think the object of the Act of 1849–50 was to protect the possession of the wife against the acts of her husband, and whenever he has executed his deed for the land, whether he would be estopped by it from joining in the prosecution of an action or not, this Act gives to the wife a right independent of and against the acts of her husband to be restored to the possession of her land. Against this separate right of action the statute does not run. Before this Act she could not prosecute an action without her husband joining. Against this joint action the statute did run, and the wife was compelled to wait until she could bring her separate action, which was after discoverture; but now she may prosecute this separate action without waiting until discoverture. The Act of 1849–50 was intended to secure to the wife the use and enjoyment of the estate during her life. She may prosecute her right without her husband joining as plaintiff. She, it is clear, has the right, within three years after discoverture, to bring her suit. This must be upon the ground that her right is

not extinguished by the adverse possession, but, the joint action being barred, she could only have the saving of the statute within which to sue. If her right is not extinguished, and she can prosecute a separate suit to recover her property, we do not see that she should be postponed until the death of her husband, although the result is to restore the husband as well as the wife to the possession. We think, therefore, the action is not barred. The case of *Murdock* v. *Johnsoon*, 7 Cold., 605, is in apparent conflict with this, but the effect of the Act of 1849–50 was not discussed in that case." 10 Heis., 398, 399.

This case was followed in *Moore* v. *Walker*, opinion by Judge Cooper, the Court holding that "as to this separate right of action, the statute of limitations does not run during coverture, and the wife may sue at any time without waiting for the husband's death." 3 Lea, 607.

The next point to be considered is the defense of champerty. The defendants, by answer, plead and in evidence show that these complainants, prior to the bringing of this suit, by deeds, in which their husbands joined, conveyed all their title and interest to the Crab Orchard Coal Company. They allege and show that at the date of this deed they were in the adverse possession of the lands now in controversy.

The facts concerning this champertous sale are fully set out in the case of *Lenoir Heirs* v. *Mining Company*, reported in 4 Pickle. That case was

a suit brought by these complainants and the Crab Orchard Coal Company against the defendants now sued, and for the recovery of the same lands. For the reasons stated in that opinion the bill was dismissed. The difference between that suit and the present one is: (1) The husbands of complainants were joint complainants with their wives, (2) the champertous vendee was there a co-complainant, (3) the bill, on its face, set out the champertous character of the sale, while in this bill the champerty only appears as a defense. The decision in that case does not govern this. That case only decided that where the fact of champerty appeared on the face of the bill, and where such vendor and vendee join as complainants, that a Court of Equity would not maintain the suit. The principle governing Courts of Law where there has been a champertous sale, is well settled.

In *Fowler* v. *Dickson,* the Court held that "where the conveyance is void for champerty the title remains in the grantor so as to enable him to maintain an action upon it, and the void deed cannot be set up by a third person to the prejudice of his title." 7 Heis., 729; 11 Hum., 190.

This principle is as applicable to a defense of this kind to a bill of ejectment in equity, since the statutory enlargement of chancery jurisdiction, as it was and is in Courts of Law.

It is next urged that this suit should be dismissed for maintenance, in that the Crab Orchard

Coal Company, vendee under the void deed, is in fact prosecuting it for its own benefit, using the names of complainants as plaintiffs. We do not think this suit is being prosecuted by virtue of the terms of the so-called "option contract" set out in *Lenoir* v. *Mining Company*. The proof is that the Crab Orchard Coal Company applied to complainants, after dismissal of former suit, for permission to file a bill in their names, and this permission was granted.

It is clear that a vendee who had failed to obtain the legal title by reason of an adverse possession at date of his deed might, at law, with the consent of his vendor, bring an action in the name of his vendor to recover lands conveyed under a deed affected by the statute against champerty. The practice at law was to insert in the declaration a count in the name of the vendor. The privity between vendor and vendee in a champertous conveyance is such as to make an amendment inserting a count in the name of the vendor relate to date of original suit. *Nance* v. *Thompson*, 1 Sneed, 321.

We see no reason why this may not be done in equity, especially where a suit at law would not lie by reason of the bar of the joint estate of husband and wife. Such a vendee is not in the attitude of one maintaining a suit in which he has no interest. By the conveyance the Crab Orchard Coal Company acquired a right to the land, notwithstanding the legal insufficiency of the

deed to pass the legal title. *Nance* v. *Thompson*, 1 Sneed 328, 329.

This right furnishes an interest sufficient to prevent his maintenance of such a suit in the name of his vendor being considered as within the statute against maintenance.

The decree of the Chancellor must be reversed, and decree rendered here for complainants, with costs.