# HJALMAR BORGSTROM and Another v. JOHN W. HAVERTY.[1]

December 9, 1910.

Nos. 16,787—(133).

**Homestead — signature of wife to conveyance.**

Lawver v. Slingerland, 11 Minn. 330 (447), to the effect that the signature of the wife to an instrument conveying the homestead formally executed by the husband is sufficient to bar her homestead rights, and that an acknowledgment of the instrument by her is not necessary, followed and applied.

**Findings sustained by evidence.**

Findings of fact held sustained by the evidence.

Action in the district court for Wright county to obtain possession of certain premises occupied by defendant outside of land leased to him; for $25 as damages for the unlawful eviction from and withholding of the premises and $25 as rents thereof. The substance of

[1] Reported in 128 N. W. 824.

the answer is stated in the opinion. The reply alleged that the land in controversy was the homestead of plaintiff; that he had a wife and that she was not a party to the contract and never signed and acknowledged the lease. The case was tried before Giddings, J., who made findings of fact and as conclusion of law ordered judgment in favor of defendant; that the written lease and the record thereof be reformed as to the description thereof in conformity with the true intention of the parties. From the judgment entered pursuant to the findings, plaintiffs appealed. Affirmed.

*W. H. Cutting*, for appellants.

*J. E. Madigan*, for respondent.

BROWN, J.

Plaintiffs are husband and wife. The husband was the owner of a tract of land which constituted the family homestead. On the first day of April, 1901, he entered into a written contract by the terms of which a part of the land was leased to the defendant for the term of twenty-one years. Defendant erected a building on the premises so leased, and has since occupied the same in the conduct of his business. The premises were described in the lease as a tract forty by fifty feet, "beginning eight rods north of the southeast corner of section thirty-one * * * thence * * * north fifty feet, * * * thence south fifty feet, thence east forty feet to point of beginning."

A highway ran along the land from which the leased premises were taken, and extended thereon a distance of two rods. After the execution of the lease the parties staked out the leased land, excluding the highway, and defendant erected his building accordingly, which extended over upon land not in fact covered by the description contained in the lease a distance of fifteen feet. Plaintiffs brought this action to recover the portion of the premises not included in the description as given in the lease and so occupied by defendant's building. Defendant answered, setting up in defense a mutual mistake in the description of the premises as contained in the lease, and asked to have it reformed and corrected, and made to conform to the intention of the parties. The trial court found that a mistake

had been made, and that the parties intended to lease a tract of land forty by fifty feet from the line of the highway; and the lease was ordered corrected and reformed accordingly. From a judgment entered as ordered, plaintiffs appealed.

1. The finding of the trial court that a mistake, mutual to both parties, had been made in drawing the lease, is fully sustained by the evidence, and the assignments of error that the court erred in so finding are not well founded.

2. The lease was in writing, and on the day of its date was signed and duly acknowledged by the husband. It was signed by the wife, either on the next or some subsequent day, but was not acknowledged by her. The court, however, found that she joined in making the contract with defendant, and there is no suggestion that her signature was obtained by fraud, or that she was unaware of the nature of the lease and its purpose. Her signature to the lease, without formal acknowledgment, was all that was necessary to bar her homestead right. Lawver v. Slingerland, 11 Minn. 330 (447). Our statutes have remained the same as they were when the decision just cited was rendered, and we discover no reason for departing from that case.

3. Plaintiffs in this court insisted with much earnestness on the right to revoke and cancel the lease entirely, upon the ground that defendant was engaged in the sale of intoxicating liquor upon the premises, and has permitted gambling thereon, all in violation of the law. This issue was not presented by the pleadings, nor made the subject of findings by the trial court, and no request for findings thereon was made. It cannot, therefore, be considered, presented, as it is, for the first time in this court.

Judgment affirmed.