## H. G. LINDELL and Others v. AUGUSTE PETERS.[1]

May 7, 1915.

Nos. 19,165—(82).

**Homestead — grant of easement.**

1. A deed granting a perpetual right of way over a homestead is invalid, unless signed by both husband and wife.

**Same — reformation of deed — description.**

2. A conveyance of the homestead, or a portion thereof, executed by both husband and wife as required by statute, may be reformed by correcting a misdescription of the property intended to be conveyed thereby.

**Evidence.**

3. Evidence examined and *held* sufficient to sustain a finding that both husband and wife agreed to grant the right of way in controversy, and that it was omitted from the deed by mutual mistake.

Action in the district court for Ramsey county to reform a deed from defendants and to restrain defendants from erecting a fence across a certain alley at the rear. The case was tried before Dick-

[1] Reported in 152 N. W. 648.

Note.—As to the power of the husband to create easements in homestead without his wife's consent, see note in 27 L.R.A.(N.S.) 963.

son, J., who made findings and ordered judgment in favor of plaintiffs. The motion of defendants to amend the findings was denied, and the motion of plaintiffs to amend the findings was granted. From the order denying her motion to amend the conclusions of law and order for judgment or for a new trial and granting the motion of plaintiffs for amended conclusions of law and order for judgment, defendant Auguste Peters appealed. Affirmed.

*R. A. Walsh,* for appellant.

*J. T. Avery,* for respondent.

TAYLOR, C.

Block 36 of West St. Paul is bounded on the east by South Robert street and on the south by Isabel street. Lots 6 and 7 of this block front upon South Robert street and are each 50 feet in width north and south, and 150 feet in length east and west. Lot 6 is the corner lot at the junction of these streets and lot 7 adjoins it on the north. The entire front of both lots is covered by a three story brick block which extends back from Robert street about 70 feet. Defendants are husband and wife. At the time of the transactions in controversy, defendant Henry owned lot 7 and the west 50 feet of lot 6. The east 100 feet of lot 6 belonged to parties not concerned in this suit. A driveway, usually referred to as an alley, 10 feet in width, and the east line of which was 100 feet west of Robert street, extended from Isabel street across lot 6 and across so much of lot 7 as lay south of an ash house which extended along the north line of that lot. This was not a public alley, but a private driveway which had been used for many years for ingress and egress to the rear of the building located on lot 7, and it was located wholly upon the property of defendant Henry. Defendants sold and conveyed the east 100 feet of lot 7, being all that part thereof lying east of this driveway, to plaintiffs, and in the deed of conveyance granted an "easement for right of way over" this driveway across lot six "for alley purposes." Plaintiffs subsequently discovered that the deed did not give the right to use that part of the driveway upon lot 7, and brought this action to reform the deed by incorporating therein a provision granting a right of way over that portion of it upon lot 7, upon the ground

129 M.—19.

that such was the original contract, and that such provision had been omitted from the deed by mutual mistake. The trial court found that plaintiffs' contention was true and reformed the deed as requested. Defendant Henry took no further action in the matter, but defendant Auguste made a motion for amended findings, or for a new trial, and appealed from the order denying it.

At the time of the sale to plaintiffs and during the negotiations therefor, defendants occupied apartments in the brick block upon lot 7, and that lot was their homestead. Our statute provides that "no mortgage of the homestead, except for purchase money unpaid thereon, nor any sale or other alienation therefor, shall be valid without the signatures of both husband and wife." Section 6961 G. S. 1913.

Appellant contends that reforming the deed in controversy so as to grant a right of way over that portion of the driveway located upon the homestead violates this statute; also that the finding that she agreed to convey such right of way is not supported by the evidence.

It must be conceded that the grant of a perpetual right of way over a homestead is an alienation within the meaning of the statute. Delisha v. Minneapolis, St. P. R. & D. Ele. T. Co. 110 Minn. 518, 126 N. W. 276, 27 L.R.A.(N.S.) 963. Consequently the question is presented whether the above statute bars the courts from reforming a properly executed deed of the homestead by correcting a misdescription therein of the property intended to be conveyed thereby. Borgstrom v. Haverty, 112 Minn. 500, 128 N. W. 824, has already determined this question adversely to appellant. Similar questions, under statutes as restrictive as our own, have been considered by several courts, and the weight of authority is to the effect that such deed may be so reformed. See Gardner v. Moore, 75 Ala. 394, 51 Am. Rep. 454; Witherington v. Mason, 86 Ala. 345, 5 South. 679, 11 Am. St. 41; Cox v. Holcomb, 87 Ala. 589, 6 South. 309, 13 Am. St. 79; Parker v. Parker, 88 Ala. 362, 6 South. 740, 16 Am. Rep. 52; Stevens v. Holman, 112 Cal. 345, 44 Pac. 670, 53 Am. St. 216; Snell v. Snell, 123 Ill. 403, 14 N. E. 684, 5 Am. St. 526; Silliman v. Taylor, 35 Tex. Civ. App. 490, 80 S. W. 651; Ford v. Daniells, 71 Mich. 77, 38 N. W. 708. It is held that, if any of the statutory

requirements were omitted in executing the instrument, such defects cannot be cured by the courts; but, if both husband and wife executed the instrument as required by the statute, it is held that, by so executing it, both clearly intended that it should become effective, and that the courts will correct mistakes in describing the property intended to be conveyed, whenever necessary in order to give effect to the true intention of the parties. The Wisconsin court reaches a different conclusion, but bases such conclusion largely upon the ground that the common law disability of a married woman to make contracts had not been removed, as to such contracts, in that state. Petesch v. Hambach, 48 Wis. 443, 4 N. W. 565; O'Malley v. Ruddy, 79 Wis. 147, 48 N. W. 116, 24 Am. St. 702. But that court held in Conrad v. Schwamb, 53 Wis. 372, 10 N. W. 395, however, that, if the premises ceased to be a homestead, the deed could be reformed as against the husband; and the doctrine of the Petesch and O'Malley cases is weakened by the later case of Whitmore v. Hay, 85 Wis. 240, 55 N. W. 708, 39 Am. St. 838.

Defendant Henry had placed the property in the hands of a real estate agent for sale. This agent interested plaintiffs therein, and, by appointment, they met at the home of defendants, for the purpose of examining the property, and of agreeing upon the terms of its purchase. Both defendants met them, and defendant Henry showed them the entire property, including the alleyway in controversy, and finally agreed with them upon the terms of sale. Appellant did not accompany them while examining the premises, and was not present when the terms of sale were discussed and agreed upon; but she knew that negotiations were in progress, and subsequently knew that an agreement had been reached. She took no active part in the transaction, and what she knew concerning the provisions of the agreement appears only by inference, as she did not testify as a witness, and no other witness gave testimony upon that question. She apparently permitted her husband to act for her as well as for himself, and must have known that plaintiffs were relying upon his action as the action of both. No suggestion is made that she was deceived, misled, or overreached in any manner, or did not intend that her

husband should speak for her as well as for himself. The deed, which she joined with him in executing, gave plaintiffs the perpetual use of that part of the driveway located upon lot 6. This portion of it touched the property sold plaintiffs only at one corner, and they could not enter it from their property without also using at least a portion of the driveway upon lot 7. Appellant knew that the driveway upon both lots had always been used in connection with the property sold plaintiffs, and that the use of that portion of it upon lot 7 was necessary, in order to make that portion of it upon lot 6 available or usable. The trial court has found that both defendants agreed to grant plaintiffs the right to use the driveway across both lots. The evidence abundantly sustains this finding as to the husband; and we think the facts and circumstances, together with the permissible inferences which the court was justified in drawing therefrom, are sufficient to sustain it as to appellant also.

Order affirmed.