## GUSTAV ZIEGENHAGEN v. ROBERT HARTWIG AND JULIA HARTWIG, HUSBAND AND WIFE.[1]

November 25, 1921.

No. 22,471.

**Vendor and purchaser — reformation of description — homestead of defendants.**

The evidence in this case sustains findings that defendants, husband and wife, both participated in verbal negotiations for the sale of their homestead; that the husband, with the assent of the wife, went with the buyer to a scrivener to have a contract prepared; that both parties signed it, believing that it was a contract for the sale of the homestead; that through mutual mistake an erroneous description was inserted in the contract. On such findings the court was justified in reforming the contract and enforcing specific performance against both husband and wife.

Action in the district court for Le Sueur county to reform and enforce a contract. The case was tried before Olsen, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motion to amend the findings or for a new trial, defendants appealed. Affirmed.

*Thomas Hessian,* for appellants.

*L. W. Prendergast* and *Moonan & Moonan,* for respondent.

[1]Reported in 185 N. W. 382.

HALLAM, J.

This action is brought to reform the description in a contract for the sale of real estate by defendants to plaintiff and to enforce the contract as so reformed. The court found for plaintiff. Defendants appeal. The contract was in writing and purported to be a contract for a deed of the NE¼ of the SE¼ of section 32. In fact the defendants did not own this property but the defendant Robert Hartwig did own the SE¼ of the SE¼ of said section and it was the homestead of the parties. The contention of the plaintiff is that the parties entered into negotiation for a sale of this homestead to plaintiff and then caused a written contract to be prepared, intending that it should contain the correct description of this property and that the description actually inserted was inserted through mutual mistake.

In Lindell v. Peters, 129 Minn. 288, 152 N. W. 648, Ann. Cas. 1916E, 1130, this court held that a conveyance of the homestead, executed by both husband and wife as required by statute, may be reformed by correcting a mistake in the description of the property intended to be conveyed thereby.

Courts will naturally proceed cautiously in giving relief that will compel a transfer of a homestead, and will likewise proceed cautiously in reforming a written contract on evidence altogether verbal. But parties are bound to observe contract obligations, though they involve a sale of the homestead, and, if proof is satisfactorily made, relief should be granted.

The evidence in this case is in conflict. Plaintiff testified that the verbal negotiation was had with both of the defendants; that both were present when the sale was determined upon and the price fixed; that, with the assent of both defendants, plaintiff and Robert Hartwig went to a scrivener to have a contract of sale prepared and that, after it had been so prepared, it was presented to the defendant Julia Hartwig as such contract and that she signed it. Plaintiff is corroborated by several members of his own family and also in some measure by two disinterested witnesses. Defendants denied that defendant Julia Hartwig was present at any of the preliminary negotiations and denied that she

knew about them, and they testified that the contract was presented to her, with the statement that it was simply a paper for her to sign and that she believed it was a bond in connection with a criminal prosecution then pending against her husband.

The evidence is abundantly sufficient to sustain a finding in favor of plaintiff's contention that both defendants participated in the negotiation, both understanding that the negotiation was for the sale of their homestead, and that the error in the description was due to mutual mistake. This finding must accordingly be sustained and it follows that the decision in favor of plaintiff should be affirmed.

Affirmed.