FIRST NATIONAL BANK OF FAYETTEVILLE et al. v. J. N. ASHBY.

Middle Section. November 7, 1925.

Certiorari denied by Supreme Court June 5, 1926.

1. **Reformation of instruments. The right to reform an instrument by including land omitted is not a violation of the statute of frauds.**

Although some cases may be cited denying the right to reform an instrument to include land omitted by a mutual mistake because of statute of frauds it is almost the universal rule that a deed, mortgage or contract for sale of land may be reformed to include land omitted by mutual mistake of the parties.

2. **Reformation of instruments. Evidence. Evidence held sufficient to justify reformation of instrument.**

In an action to have a deed of trust reformed to include land where the evidence showed that the defendant made an agreement with his debtors wherein he was to convey all his lands to a trustee to be sold for the benefit of his creditors and that they were to satisfy all accounts upon the payments of 75% of the face value and where his attorney and the trustee testified that all of his land was to be conveyed but through a mutual mistake a one-third interest in one hundred acres of land was left out of the deed of trust, held that under such evidence a court of equity will reform the deed of trust to include the land omitted through mistake.

3. **Estoppel. An innocent mistake will not work an estoppel.**

It is well settled that no estoppel will arise out of recitals made from an innocent mistake.

4. **Contracts. Evidence. Parol evidence is admissible where all of contract is not in writing.**

Where part of agreement is in writing and the remaining part is oral, parol evidence is admissible to set up that portion which is not in writing.

5. **Reformation of instruments. Right to reformation arises as soon as the discovery of the failure of the instrument to embody the agreement.**

The right to bring a suit for reformation of an instrument does unquestionably accrue when the instrument fails to embody the agreement and intention of the parties, just as the right to recover damages for the breach of a contract accrues just as soon as the contract is broken.

6. **Courts. Jurisdiction. State court has jurisdiction over an action growing out of the violation of an agreement to compromise debts.**

Where a party had filed his petition in bankruptcy and then reached an agreement with his creditors upon a settlement of all of his debts which provided that the action in bankruptcy should be dismissed and the contract carried out by a trustee selected by the parties, held that such was not a composition in bankruptcy but was merely an agreement for liquidation and

settlement of debts and that the state court had jurisdiction of any action growing out of the same.

**7. Pleading. In equity a complainant may ask alternative relief.**
    In an action in equity in which a complainant is in doubt as to his right to a specific relief he may so frame his bill that if one form of relief can not be obtained another may be granted. He may form his bill in alternative or with a double aspect.

Appeal from Chancery Court, Lincoln County; Hon. Thos. B. Lytle, Chancellor.

Affirmed.

Sam C. Tigert, of Fayetteville, for appellant.

B. E. Holman, and Lamb & Lamb, of Fayetteville, for appellee.

DeWITT, J. In this cause the appellant, J. N. Ashby, seeks a reversal of a decree of the Chancellor reforming a certain deed of trust so as to include in it an undivided one-third interest in a tract of 100 acres of land alleged to have been omitted from the deed of trust by mutual mistake of the parties agreeing thereto, or a mistake on the part of the trustee induced by inequitable conduct or fraud on the part of the appellant. This deed of trust was executed by the appellant on May 21, 1923, and in it appellant conveyed to H. E. Dryden, trustee, certain lands and interests in lands to secure the payment of certain obligations of appellant therein set forth. On March 20, 1923, the appellant entered into an agreement in writing with attorneys for his creditors, first that he would immediately take proper steps to dismiss all proceedings in bankruptcy, under a petition previously filed by him; second, that on or by the first day of May, 1923, he would pay to all unsecured creditors 75 percent of their claims and demands, and to secured creditors 75 percent of the estimated deficit remaining on their claims after exhausting their securities, unless prior to May 1, 1923, he should assign and convey to a trustee sufficient property, in the understanding of the parties, in value to pay 75 percent of said indebtedness, said property to be disposed of by the trustee under the terms of the deed of trust to be executed. The creditors, through their attorneys, agreed in said instrument that upon the payment of said sums, or upon the conveyance to a trustee of sufficient property as aforesaid, they would accept the same in satisfaction of their respective claims. It was mutually agreed also, that these stipulations should amount to a new contract, a novation and new promise on the part of the appellant; and that the trustee in bankruptcy would be requested to take no further steps in said proceedings. Mr. H. E. Dryden, President of the Elk National Bank of Fayetteville, was the trustee in bankruptcy and was designated as

trustee under said deed of trust. He caused the proceedings in bankruptcy to be dismissed, paying the costs thereof out of funds subsequently realized from sales of land, the same being really borne by the creditors because the interest in the land actually described in the deed of trust did not bring a sum sufficient to pay the 75 percent of the claims as aforesaid. The appellant had filed his petition in bankruptcy on the very day on which his mother died intestate, and it was very uncertain which event occurred first, so that appellant was willing thus to devote his interests in lands inherited from his mother to the payment of the said proportion of his unsecured debts; and his creditors were willing to waive all claim to the remaining 25 percent in consideration of his said undertaking.

The appellant insists that the property actually described in the deed of trust was all that he agreed to describe therein. He testifies that he did not at any time contemplate the inclusion of his interest in this tract of 100 acres and that had it been so included, he would not have executed the deed of trust; that the consideration moving him to make the agreement was the certainty of his saving his interest in this one tract. On the other hand, his counsel, Colonel J. E. Routt, and trustee, Mr. H. E. Dryden, both testified that the appellant did agree that all of his interests in land would be included in said deed of trust. Mr. Routt prepared the deed of trust and he testifies that he thought that he was including all of the property that J. N. Ashby owned and that he did not know how the interest in the tract in question came to be omitted therefrom; that it was his intention and purpose to include all the property owned by Ashby in accordance with the agreement. Mr. Dryden testifies that the understanding was that Ashby was to convey in trust all the property he had, together with any interest that he might have in his mother's estate. The deed of trust provided that in the event of a sale of the real property and the payment out of the proceeds of the amounts secured, any balance would be paid to the appellant or his assigns.

The omission to include the one-third undivided interest in the tract of 100 acres of land was not discovered for several months, and was then discovered by the trustee, who, through attorneys representing the creditors, took the matter up with Mr. Routt, representing Ashby. Mr. Routt thereupon, in writing, requested Mr. Ashby to come to see him and endeavor to settle the matter without litigation, but Mr. Ashby declined to correct the alleged error and suffered the bill in this cause to be filed against him for the purposes aforesaid.

The agreement as to the specific properties to be included in the deed of trust and other terms thereof, was orally entered into between the appellant, his attorney, and the trustee, and the repre-

sentatives of the creditors. The testimony of Messrs. Dryden and Routt is very clear and unqualified. On cross-examination Mr. Ashby admitted that he did not know that it was definitely understood that his one-third interest in the 100 acres was not to be included in the deed of trust; but his claim that it was not to be so included was apparently based upon certain estimates as to what the other interests in lands would sell for' and that it was understood by all of them that the interest in this 100 acres would not be necessary. His testimony going to show any definite understanding that the interest in the 100 acres was to be excluded is vague and quite in contrast with the positive statements of Messrs. Dryden and Routt. Certainly the testimony of appellant's attorney and the trustee, Mr. Dryden, could not be considered otherwise than as quite convincing, in view of their positions in these matters, as well as their high character. We, therefore, find that it was agreed on the part of appellant that his interest in this 100 acres of land was to be included in said deed of trust and so devoted as far as it might be necessary to payment on his debts; that it was omitted inadvertently and by mistake from the deed of trust; that the trustee accepted his trust in ignorance of the omission.

The appellant insists in his first assignment of error that this is a bill for specific performance of an oral contract for the conveyance of lands and is, therefore, not maintainable because of the statute of frauds.

The appellees, in their bill, prayed for reformation of the instrument so as to carry out the express and true intent of the parties interested therein by adding the one-third interest in the 100 acres of land and subjecting it to the provisions of said deed of trust. By reason of the mistake, the parties had not effected what they intended. The right to reform an instrument by including land omitted by mutual mistake of the parties was long questioned as being contrary to the statute of frauds; but although some cases may be found denying such right, it is the almost universal rule that a deed, mortgage or contract for sale of land may be reformed to include land omitted by mutual mistake of the parties; in other words, to include more land than is described therein, in accordance with the intention of the parties. 23 R. C. L., p. 335; Pomeroy on Equity Juris (4 Ed.), secs. 866 and 867; Wasatch Min. Co. v. Crescent Min. Co., 148 U. S., 293, 13 S. Ct., 600, 37 U. S. (L. Ed.), 454; Butler v. Barnes, 60 Conn., 170, 21 Atl., 419, 12 L. R. A., 273; Lindell v. Peters, 129 Minn., 288, 152 N. W., 648, Ann. Cas., 1916, E. 1130 and note; Paine v. Upton, 87 N. Y., 327, 41 Am. Rep., 371; Whitmore v. Hay, 85 Wis., 240; 55 N. W., 708, 39 A. S. R., 838; Note: 65 A. S. R., 510.

In the note on page 927 of 34 Cyc. it is pointed out that the minority of courts holding to the contrary are courts not having full equity jurisdiction. The reason for sustaining the rule was clearly stated by Judge Caruthers in Cromwell v. Winchester, 2 Head, 391. The bill in that case was filed to reform a deed because of a mistake in not inserting words of inheritance in conformity with the understanding of the parties. ' The court speaking through Judge Caruthers said:

> "That this power has been always exercised in proper cases by Courts of Chancery, there can be no doubt." 1 Story on Equity, sec. 152. If, by mistake, the writing contains less or more, or something different from the intent of the parties, and this be made out by proof entirely satisfactory, a Court of Equity will reform the contract so as to make it conform to such intent. But if the mistake is not made entirely plain, and put beyond all reasonable controversy, the court will not interpose. It is not easy to reconcile this doctrine to the common law rule, which excludes all parol evidence to vary or control written contracts, and that it is liable to abuse is obvious. But where terms and stipulations are inserted, or omitted, by fraud or mistake, greater frauds and injustice would be perpetrated by closing the door against any relief, than the rule is designed to prevent. Let this be as it may, the jurisdiction of a court of equity on this subject is well settled. The presumption always is strong, that a writing contains the whole contract, and sets it forth accurately; but, if it can be clearly and indisputably shown, that by fraud or mistake it does not, the presumption fails, and it will be reformed."

In 27 C. J., page 336, the rule is set forth that the statute of frauds does not operate to prevent the reformation of an instrument which failed by reason of accident, mistake, or fraud to set forth correctly the intention of the parties; that by the great weight of authority such fraud or mistake may be shown by parol evidence—citing many cases.

In Johnson v. Johnson, 8 Bax., 261, in which the court sustained a bill to reform a deed by substituting the number of a lot agreed upon for the number of a lot erroneously included, the Supreme Court held that it was not a case within the statute of frauds, that the parties had entered into a contract for specific lots of land, and conveyance was made and signed by the party to be charged, but by mistake one of the lots was misdescribed and thereby the intention of the parties was defeated.

The court quoted, with approval, from Bailey v. Bailey, 8 Hump., 233, as follows:

"The jurisdiction of courts of equity to correct mistakes in deeds, or other instruments, or to reform them, when they do not carry out the intentions of the parties in making them, is not to be questioned. But, to entitle the party to this relief, the proof must be clear, certain and satisfactory. It is laid down in several cases of unquestionable authority that such relief will only be afforded where express evidence can be adduced of the certain intention of the parties, at the time of the execution of the deed, or other instrument, sought to be reformed."

These principles were thoroughly discussed and were applied in the recent case of Alexander v. Shapard, 146 Tenn., 90. It is well settled that where the mistake was made by a scrivener, who acted as common agent of both parties in draughting the instrument, as in this case, it is a mutual mistake. 23 R. C. L., p. 328; Meek v. Hurst, 223 Mo., 688, 122 S. W., 1022, 135 A. S. R., 531; Note: 3 Ann Cas. 445.

The leading case upon this subject is Hunt v. Rousmanier, 1 Pet., 1; 7 U. S. (1 Ed.), 27, in which it was said:

"Where an instrument is drawn and executed, which professes, or is intended, to carry into execution an agreement, whether in writing or by parol, previously entered into, but which by mistake of the draftsman, either as to fact or law, does not fulfil, or which violates, the manifest intention of the parties to the agreement, equity will correct the mistake, so as to produce a conformity of the instrument to the agreement."

It is, therefore, clear that the complainants may maintain this bill to reform the deed of trust and that the Chancellor committed no error in holding that this deed of trust should be so reformed.

Under the second assignment of error it is insisted that the Chancellor was in error overruling the appellant's demurrer to the bill. We are of the opinion that the demurrer was properly overruled. The first ground of demurrer was that the complainants were estopped by the acts of Dryden, the trustee, under the deed of trust, who had also been the trustee in bankruptcy. These acts consisted of having himself discharged as trustee and causing the bankruptcy petition to be dismissed relying upon the deed of trust as a final and complete settlement of all matters involved in the bankruptcy case. It is perfectly clear from the agreement of March, 1923, that the dismissal of the bankruptcy proceedings was one of the essential elements of the settlement; that the trustee, in bringing about the dismissal with the co-operation of the appellant, relied upon the complete performance of the oral and written agreements. The bill sought to reform the deed of trust in accordance with these agreements. Therefore, there was no incon-

sistency in the conduct of Mr. Dryden and no estoppel could arise by reason of such conduct. In addition, this proposition undertakes to confuse the status of Mr. Dryden, as Trustee in bankruptcy, with his status, as trustee under the deed of trust. In each case his status was different from that of the other. It is well settled that no estoppel would arise out of recitals made from an innocent mistake. Helm v. Wright, 2 Hump., 72; Vincent v. Hall, 1 Shan. Cases, 597.

The next insistence is that the written agreement of March, 1923, and the deed of trust show that the bill is seeking relief contrary to them. The preliminary agreement in writing did not undertake to specify the lands to be included in the deed of trust. These were determined by oral agreement. It is not necessary to cite authorities in support of the rule that where part of the agreement is in writing and the remaining part is oral, parol evidence is admissible to set up that portion which was not in writing.

The next insistence is that the bill is prematurely filed in that it is not shown that all of the property conveyed in the deed of trust has been properly accounted for, or what it came to, or how it was sold, or disposed of, and what balance is due, if any.

The right to bring a suit for reformation of an instrument does unquestionably accrue when the instrument fails to embody the agreement and intention of the parties, just as the right to recover damages for the breach of a contract accrues just as soon as the contract is broken. Demand had been made upon appellant, Ashby, to correct the mistake in the deed of trust and he failed and refused to do so. In the bill it is averred that the property actually conveyed to the trustee is entirely insufficient to carry out the covenant to pay 75 percent of the debts of unsecured, creditors and of the deficit to secured creditors after exhausting their securities. This was sufficient to render it unnecessary to make an accounting to the defendant in a bill to reform the deed of trust in accordance with his agreement.

It is next insisted that the contract sued on was made pending a bankruptcy suit, is a part of that suit, in full compromise of that suit, and the chancery court is without any jurisdiction of the subject-matter. It would be a sufficient answer to this proposition to say that this was not a composition in bankruptcy. Such composition must be effected through the machinery of the court of bankruptcy, as provided in the National Bankruptcy Act. This was an agreement for liquidation and settlement of the debts of the appellant without the aid of any court whatever. The state court, therefore, has jurisdiction over an action growing out of the violation of the agreement.

It is next insisted that the bill is multifarious in that it seeks a specific performance of an oral contract for sale of land, and also, seeks judgment on numerous accounts and a sale of land to satisfy same. This is not a correct recital of the averments and prayers of the bill. Complainants, as creditors of the defendant, Ashby, after setting forth their claims and all of the facts relating to these issues in much detail, prayed first, for reformation of the instrument as aforesaid; second, in the alternative, that is if they should be mistaken in their prayer for this relief, for a decree against defendant for the balance of amounts due them and for a sale of the land to satisfy said decree. These are claims of right accruing out of the same transactions. The complainants are joined together in this proceeding upon a basis of a common right. There is no inconsistency in the kinds of relief thus alternatively prayed. In other words, it is consistent with the rules of pleading in equity that if the complainants should not be entitled to the reformation of the instrument, they should pray for decree against the defendant and for the sale of his land to satisfy their claims. If a complainant is in doubt as to his right to a specific relief he may so frame his bill that if one form of relief cannot be obtained another can be granted. He may frame his bill in the alternative or with a double aspect. Bynum v. Evart, 90 Tenn., 665; Merriman v. Lacefield, 4 Heisk., 209.

The last ground of demurrer has been dealt with under the first assignment of error. It is a mere reiteration of the proposition that this is a bill for specific performance of an oral contract.

The appellant, through his learned solicitor, has made every conceivable resistance to this proceeding to make the result of the negotiations conform to the agreement actually made. The evidence is so clear and convincing and the rules and principles in equity applicable thereto are so well settled, that we are abundantly satisfied with the decree of the Chancellor, and it is affirmed.

The costs of this appeal will be adjudged against the appellant.

Faw, P. J., and Crownover, J., concur.